Brady **WILSON**, Bernard Wilson and Walter Russaw, Jr., Appellants,

v.

**UNITED STATES** of America, Appellee.

No. 20084.

United States Court of Appeals Fifth Circuit.

July 24, 1963.

Knox M. McMillan, Auburn, J. Arch McKee, Carl E. Maye, Roberts H. Brown, Brown & McMillan, Opelika, Ala., McKee & Maye, Opelika, Ala., for appellants.

Ben Hardeman, U. S. Atty., J. O. Sentell, Asst. U. S. Atty., Montgomery, Ala., for appellee.

Before RIVES, LEWIS,[*] and BELL, Circuit Judges.

LEWIS, Circuit Judge.

The appellants and others were indicted by grand jury and charged with conspiracy[1] to commit offenses[2] against the United States in violation of the Internal Revenue Laws for activities relating to the establishment of a bootlegging business. The trial court held that there was insufficient evidence to warrant charging the jury as to certain offenses and limited its instructions to charges of conspiracy to carry on the business of a distiller, 26 U.S.C. § 5602; conspiracy to possess distilling apparatus, 26 U.S.C. § 5601; conspiracy to evade tax due on the whiskey, 26 U.S.C. § 7201. Motions for acquittal on the grounds of insufficiency of the evidence were denied as to these charges and the jury convicted each of the three appellants on the three charges. Trial for another named defendant, Arthur Sanford, was severed and another, James Jones, was convicted but has not appealed the judgment.

The sufficiency of the evidence is again questioned upon appeal and particular claim is made that no thread of identity in the evidence binds the appellants in concerted unlawful activity. Wood v. United States, 5 Cir., 283 F.2d 4.

■■ We find the record sufficient to sustain the convictions. The evidence in summary shows continuing association of the appellants during the alleged period of conspiracy, April, 1960, to December, 1961, in the vicinity of nine large and illicit stills in Chambers and Lee counties, Alabama; the continuing purchase and possession of large quantities of jugs, sugar and fuel oil, the need for which in combination is generally known as a requisite in distilling, United States v. Sawyer, 4 Cir., 294 F.2d 24; Call v. United States, 4 Cir., 265 F.2d 167; attempts to conceal the purchase of such products and their transportation; bootlegging equipment identified as present at one location later present at a different still site; the ultimate arrest of Jones and appellant Bernard Wilson at a still site and in actual possession of distilling equipment; the escape of three other men at the same time; and numerous other incidents and occurrences which when viewed in isolation may be given innocent interpretation but which give cumulative support to the charge of concerted activity in violation of the subject statutes.

■ We agree with appellants' strenuous contention that the evidence, cover-

---

[*] Of the Tenth Circuit, sitting by designation.

[1] 18 U.S.C. § 371.

[2] 26 U.S.C. § 5602.
26 U.S.C. § 5691.

26 U.S.C. § 5632.
26 U.S.C. § 5205.
26 U.S.C. § 5604.
26 U.S.C. § 5601.
26 U.S.C. § 7201.

ing as it does a long period of time and the activities of numerous persons at widely separated locations, may tend to confuse. However, when projected against the careful and correct instructions of the trial court we think the convictions are warranted and result from an understanding by the jury of the applicable law. As was stated by this court in Beland v. United States, 5 Cir., 117 F.2d 958:

> "The existence of a conspiracy may be shown by inference and circumstantial evidence and any substantial evidence of knowledge and participation in a conspiracy will justify a verdict of guilty."

The judgments are severally affirmed.