**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jesus MENDEZ, Defendant-Appellant.
No. 73–3186.**

United States Court of Appeals,
Fifth Circuit.
June 20, 1974.

---

Harry F. Maddin, Corpus Christi, Tex. (Court-appointed), for defendant-appellant.

Anthony J. P. Farris, U. S. Atty., James R. Gough, Asst. U. S. Atty., Anna E. Stool, Staff Atty., Houston, Tex., for plaintiff-appellee.

Before GEWIN, THORNBERRY and SIMPSON, Circuit Judges.

THORNBERRY, Circuit Judge:

Appellant Jesus Mendez was convicted of conspiring to possess with intent to distribute a quantity of marijuana in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2. We reverse and remand for a new trial because of improper admission of particularly damaging testimony.

The essential elements of a conspiracy are an agreement by two or more persons to commit an offense against the United States followed by an overt act committed by one of the conspirators in furtherance of the conspiracy. United States v. Sutherland, 5 Cir. 1972, 463 F.2d 641, cert. denied, 1972, 409 U.S. 1078, 93 S.Ct. 698, 34 L.Ed.2d

668; United States v. Lowry, 5 Cir. 1972, 456 F.2d 341. A conspiracy cannot be committed by a single individual acting alone; he must act in concert with at least one other person. Herman v. United States, 5 Cir. 1961, 289 F.2d 362, cert. denied, 1961, 368 U.S. 897, 82 S.Ct. 174, 7 L.Ed.2d 93. Participation in a criminal conspiracy may be shown by circumstantial as well as direct evidence. Wilson v. United States, 5 Cir. 1963, 320 F.2d 493. No formal agreement between the parties is essential to the formation of a conspiracy, for the agreement may be shown by concerted action, all the parties working together understandingly with a single design for the accomplishment of a common purpose. Beland v. United States, 5 Cir. 1938, 100 F.2d 289, cert. denied, 1939, 306 U.S. 636, 59 S.Ct. 485, 83 L.Ed. 1037. However, mere knowledge, acquiescence or approval without cooperation or agreement to cooperate is not enough to constitute one a party to a conspiracy. McDaniel v. United States, 5 Cir. 1928, 24 F.2d 303. In order to fasten guilt on one accused of being a co-conspirator it is necessary to prove that he actively participated in the conspiracy charged. Young v. United States, 5 Cir. 1931, 48 F.2d 26. Mere association with conspirators is not enough to establish participation in the conspiracy. Roberts v. United States, 5 Cir. 1969, 416 F.2d 1216.

■ At trial the government was permitted to introduce evidence of a telephone conversation between Special Agent Horacio Ayala of the Drug Enforcement Administration and a woman who identified herself as the defendant's wife.[1] This evidence was highly damaging to Mendez, since Ayala testified that Mrs. Mendez told him that Mendez was not at home because he was then importing marijuana from Mexico across the Rio Grande River into Texas.[2] The evidence regarding Mrs. Mendez's statements was hearsay but was admitted under the co-conspirator exception to the hearsay rule. *See* United States v. Apollo, 5 Cir. 1973, 476 F.2d 156; Rogers v. United States, 5 Cir. 1964, 334 F.2d 83. The only evidence linking Mrs. Mendez to any conspiracy, however, was the conversation itself and the fact that she was present during some of Mendez's drug transactions in Nebraska. There is nothing to show that she was cooperating with him or had agreed to do so. There was no showing of active participation on her part, nor did the evidence tend to show concerted action for the accomplishment of a common purpose. The evidence at most shows her association with Mendez and knowledge of his activities. It is therefore insufficient to establish that she was a co-conspirator. That being true, the co-conspirator exception to the hearsay rule was improperly invoked. The hearsay evidence of her telephone conversation with Ayala should have been excluded. Montford v. United States, 5 Cir. 1952, 200 F.2d 759. *See generally,* Note, Evidence—Hearsay—Co-conspirator's Exception—How Much Evidence Is Needed to Establish the Foundation for the Use of the Co-conspirators' Exception to the Hearsay Rule?, 2 Texas Tech.L.Rev. 121 (1970).

That hearsay evidence, however, was one of the strongest parts of the government's case against Mendez. Other evidence tending to show that he conspired with anyone else is weak. There is a distinct danger that the jury was influenced to conclude that there was a conspiracy by the district court's prelimi-

---

1. Mendez contends that the conversation was inadmissible because it is uncertain whether the speaker was actually his wife or not. Since we hold the conversation inadmissible, even if the speaker was in fact his wife, we need not reach this contention.

2. Ayala's account of the conversation was as follows:

Q What did Mrs. Mendez tell you at that time?

A Well, she told me he [Mendez] was not at the house presently, that he was at the River and he could not, he could not cross all of the stuff today, and he is crossing the rest of it tonight.

nary fact finding to that effect implicit in his invocation of the co-conspirator exception. Nevertheless, there was *some* other evidence in the testimony of Agent Carroll Franssen that might support an inference that Mendez was in a conspiracy with a man named Gene, who was present and possibly participating with Mendez in one sale of marijuana to the agent. Under these circumstances, we feel the only just disposition is to remand the case for a new trial. Kotteakos v. United States, 1946, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557; United States v. Apollo, *supra.* *See* 3 C. Wright, Federal Practice and Procedure: Criminal § 854.

Reversed and remanded.