UNITED STATES of America, Plaintiff-Appellee,

v.

David M. MARTIN, Defendant-Appellant.

No. 85–2004.

United States Court of Appeals, Fifth Circuit.

June 2, 1986.

Paula Marie Desel, Baker & Botts, Houston, Tex., for defendant-appellant.

David M. Martin, pro se., Big Springs, Tex.

James L. Powers, Asst. U.S. Atty., Daniel K. Hedges, U.S. Atty., James R. Gough, Asst. U.S. Atty., Houston, Tex., for plaintiff-appellee.

Before RUBIN, POLITZ, and JOHNSON, Circuit Judges.

POLITZ, Circuit Judge:

David M. Martin was convicted by a jury of conspiracy to aid and assist in the preparation of false tax returns and false tax refund claims, 18 U.S.C. §§ 371, 287, 26 U.S.C. § 7206(2); 104 counts of aiding in the preparation of false tax returns, 26 U.S.C. § 7206(2); and 15 counts of submitting false amended returns to secure refunds, 18 U.S.C. §§ 287 and 2. Finding no grounds for reversal in any assigned error, we affirm.

### Facts

In the early 1980s, Martin initiated the South Texas Tax Protest Movement and founded and headed Taxpayers United, an organization dedicated to the evasion of income tax, accomplished by the filing of fraudulent tax returns. Martin's organization, operating in Houston, Deer Park, Porter, and Freeport, Texas, and in Oklahoma City, Oklahoma and Hebert, Louisiana, prepared fraudulent tax returns for its "member-customers." The organization's rallying cry was to "keep the people from having to pay income tax." The members paid an initiation fee and a fee for the preparation of the false returns.

The returns prepared by Martin's organization in 1981 and 1982 contained false reports or made false claims for refunds. Members who were actually wage-earners were presented as self-employed and taxes were evaded by fraudulent claims of costs of goods sold and losses on false Schedule C's attached to the returns. For others, Martin instructed his "volunteer" workers to report only 10% of the member's actual income on the grounds that their wages were paid in Federal Reserve Notes which, according to Martin, were worth only 10 cents on the dollar. As a consequence, no tax was due and refunds were claimed. Martin directed that all refund checks be sent to his organization. A portion of the refund went to the "volunteers;" the rest went to Martin.

Martin and one of his assistants, Sarah Ballew, were indicted. Ballew pleaded guilty and, together with several of the "volunteers," testified that the returns were prepared and filed in accordance with Martin's instructions.

When Martin first appeared before the magistrate, he stated that he retained Joe Izen, Jr., who represented him through all pretrial proceedings. Two weeks before trial Martin discharged Izen. A few days before trial Martin requested representation by a non-lawyer. The district court denied the motion, permitted Martin to proceed *pro se,* and appointed Izen as standby counsel. After Martin's conviction we appointed appellate counsel, who has done a yeoman's job. Martin contends on appeal that the district court did not adequately assess his waiver of counsel, erred by denying him lay representation at trial, failed to give a cautionary instruction on the co-indictee's testimony, and failed to give a proper charge on conspiracy. He also challenges the sufficiency of the evidence on the conspiracy count.

### Analysis

#### Self-Representation

Martin complains that his waiver of counsel was invalid. As noted, when Martin first appeared before the magistrate he announced his intention to proceed *pro se.* He later retained Izen who handled all discovery and other pretrial matters. There is

an indication that Martin intended all along to continue Izen's representation only until the time for trial and thereafter to represent himself.

After discharging Izen, Martin moved the court to appoint a non-lawyer of his choosing to assist at trial. The court refused this motion and conducted a hearing to determine whether Martin adequately understood the problems attendant upon his proceeding *pro se*. The court cautioned Martin about the complexity of the trial and the pitfalls of self-representation. Upon specific inquiry, Martin advised the court that he wished to represent himself, despite the potential difficulties. The court permitted the trial to proceed on that basis and appointed Izen as standby counsel.

■ A defendant has a constitutional right to waive counsel and conduct his own defense, provided his decision is knowing and voluntary and "he is able and willing to abide by rules of procedure and courtroom protocol." *McKaskle v. Wiggins*, 465 U.S. 168, 173, 104 S.Ct. 944, 949, 79 L.Ed.2d 122 (1984), *citing Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). For self-representation, a defendant must "knowingly and intelligently" forego counsel, and the request to proceed *pro se* must be "clear and unequivocal." *Brown v. Wainwright*, 665 F.2d 607, 610 (5th Cir.1982) (*en banc*). Before granting the request, the trial judge must caution the defendant about the dangers of such a course of action so that the record will establish that "he knows what he is doing and his choice is made with eyes open." *Faretta*, 422 U.S. at 835, 95 S.Ct. at 2541. "In order to determine whether the right to counsel has been effectively waived, the proper inquiry is to evaluate the circumstances of each case as well as the background of the defendant." *Wiggins v. Procunier*, 753 F.2d 1318, 1320 (5th Cir.1985).

Following *Faretta's* progeny and related cases, we underscored various factors which are to be weighed in this process:
The court must consider the defendant's age and education, *Mixon v. United States*, 608 F.2d 588 (5th Cir.1979), and other background, experience, and conduct. *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461; *Middlebrooks v. United States*, 457 F.2d 657 (5th Cir.1972). The court must ensure that the waiver is not the result of coercion or mistreatment of the defendant, *Blasingame v. Estelle*, 604 F.2d 893 (5th Cir.1979), and must be satisfied that the accused understands the nature of the charges, the consequences of the proceedings, and the practical meaning of the right he is waiving. *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *Raulerson v. Wainwright*, 732 F.2d 803 (11th Cir.1984).
*McQueen v. Blackburn*, 755 F.2d 1174, 1177 (5th Cir.), *cert. denied*, —— U.S. ——, 106 S.Ct. 152, 88 L.Ed.2d 125 (1985).

■ Applying these factors, we entertain no doubt that Martin's waiver was knowingly, intelligently, and voluntarily made. It was his apparent and stated intent before arraignment. It was his obvious intent before trial. There is no merit in this assignment of error, nor in the contention that since he was uncertain whether he would have to pay standby counsel that this in some way implicated Martin's sixth amendment right. That issue is the apparent product of intense effort and the keen legal mind of appellate counsel, but it is not persuasive.

■ Nor do we find any merit in the contention that the district court erred or abused its discretion in not allowing Martin's non-lawyer assistant to sit at the counsel table. Martin had no constitutional right to standby counsel, *McKaskle v. Wiggins*, 465 U.S. at 183, 104 S.Ct. at 953–54, or appointed counsel of his choosing, *United States v. Magee*, 741 F.2d 93 (5th Cir. 1984). He had no right to be represented in this litigation by a non-lawyer of his choice. *United States v. Bertolini*, 576 F.2d 1133 (5th Cir.1978).

### Jury Instructions

Martin complains that the court erred in the wording of the conspiracy charge and

in failing to give a cautionary charge about Ballew's testimony. Neither contention has merit.

 A trial court is not required to give the specific wording of a defendant's requested charge so long as the instruction given properly states the law, adequately apprises the jury of the issues in the case, and permits conviction only of the offense charged. *United States v. Stanley*, 765 F.2d 1224 (5th Cir.1985). Appellate review is of the jury charge as a whole, not isolated parts. *United States v. Gordon*, 780 F.2d 1165 (5th Cir.1986).

 The trial court correctly charged the jury on conspiracy, instructing that the evidence must show

(1) That two or more persons in some way or manner, positively or tacitly, came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the indictment;

(2) That the defendant willfully became a member of such conspiracy;

(3) That one of the conspirators during the existence of the conspiracy knowingly committed at least one of the means or methods (or "overt acts") described in the indictment; and

(4) That such "overt act" was knowingly committed at or about the time alleged, in an effort to effect or accomplish some object or purpose of the conspiracy.

The court gave the specific intent instruction and defined knowingly and willfully. The charge was correct.

 Martin argues that the court committed reversible error by failing to give a cautionary instruction about Ballew's testimony. None was requested and no objection was made; accordingly, we examine this issue only for plain error. Fed.R.Crim.P. 52(b); *United States v. Eiland*, 741 F.2d 738 (5th Cir.1984). When a codefendant or co-conspirator testifies, the cautionary instruction underscoring the need for a careful weighing of credibility is favored, but its absence is not *per se* reversible error. We consider several factors to determine whether substantial rights of the defendant were violated, including

the presence or absence of a limiting instruction, whether there was a proper purpose in introducing the guilty plea, whether objection was entered, and whether, in light of all the evidence, the error, if any, was harmless beyond a reasonable doubt.

*United States v. Renton*, 700 F.2d 154, 160 (5th Cir.1983). A mere scan of these factors reflects that no plain error resulted from the lack of a *sua sponte* cautionary instruction by the court. The standard credibility instruction was given, the guilty plea was properly before the jury, there was no objection, and the evidence of guilt was overwhelming. We perceive no reversible error.

### Sufficiency of the Evidence

Martin complains of the sufficiency of the evidence on the conspiracy conviction. He primarily argues that he could not conspire with unnamed persons to defraud the United States.

Viewing the evidence in the light most favorable to the jury verdict, *Glasser v. United States*, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942), we must determine whether "a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt." *United States v. Bell*, 678 F.2d 547, 549 (5th Cir.1982) (*en banc*), *aff'd*, 462 U.S. 356, 103 S.Ct. 2398, 76 L.Ed.2d 638 (1983). We do so, recognizing that "it is the sole province of the jury to weigh the evidence and the credibility of the witnesses." *United States v. Davis*, 752 F.2d 963, 968 (5th Cir.1985).

 In order to prove a conspiracy it is not necessary to show that each conspirator participated in every phase of the criminal venture, *United States v. Grassi*, 616 F.2d 1295 (5th Cir.1980), *cert. denied*, 449 U.S. 956, 101 S.Ct. 363, 66 L.Ed.2d 220 (1980), or was involved from its inception, *United States v. Leach*, 613 F.2d 1295 (5th Cir.1980). No express agreement to violate the law need be shown and the conspiracy may be proven by showing that the defend-

ant conspired with one or more others, named or unnamed, to achieve an illegal purpose. *United States v. Mendez*, 496 F.2d 128 (5th Cir.1974).

In the case at bar the illegal common purpose is manifest—the preparation and filing of fraudulent tax returns with the specific design to evade taxes legally imposed by the Congress. Evidence of Martin's conspiracy with Ballew and the many "volunteers" abounds. Martin founded and directed the enterprise whose purpose was tax evasion. Martin instructed his "volunteers" on the methodology for defeating the requirement that the statutorily assessed tax on income be paid. His conviction on the conspiracy count, as on the substantive counts, is amply supported by the evidence.

The convictions are AFFIRMED.