IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-20056
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

ANTHONY CHIBZOR ANIEKWU, also known as
Anthony Chibuzo Aniekwu,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-98-CR-216-1
- - - - - - - - - -
February 24, 2000

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Anthony Chibzor Aniekwu appeals his guilty-plea conviction and sentence on two counts of mail fraud, 18 U.S.C. §§ 1341 and 2. We have reviewed the record and the briefs of the parties, and we AFFIRM Aniekwu's conviction. Aniekwu's waiver of his right to appeal his sentence was knowing and voluntary. See United States v. Melancon, 972 F.2d 566, 567 (5th Cir. 1992). He fails to show that his guilty plea was coerced and therefore involuntary in light

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of his solemn declaration in court that he was pleading voluntarily. See United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998). Aniekwu's contention that he was denied counsel at sentencing is unavailing because he specifically and voluntarily waived his right to counsel after the district court conducted a Faretta[**]-type hearing. See United States v. Martin, 790 F.2d 1215, 1218 (5th Cir. 1986). His assertion that he received ineffective assistance of counsel is not supported by the record because he establishes neither deficient performance nor prejudice. See Hill v. Lockhart, 474 U.S. 52, 59 (1985). Finally, Aniekwu's contention that the district court was biased against him, raised for the first time on appeal, does not rise to the level of plain error. See Robertson v. Plano City of Texas, 70 F.3d 21, 23 (5th Cir. 1995).

Because we AFFIRM Aniekwu's conviction and sentence, his motion for release on bail pending appeal is DENIED as moot.

JUDGMENT AFFIRMED; MOTION DENIED.

---

[**] Faretta v. California, 422 U.S. 806, 819, 836 (1975).