**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

**No. 98-20855**
**Criminal Action No. H-97-230**

---

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**v.**

**SEGUNTHANI BALOGUN, aka Fatai Thanni,**

**Defendant-Appellant,**

---

**Appeal from the United States District Court for the**
**Southern District of Texas**

---

July 18, 2000

Before JONES and BENAVIDES, Circuit Judges, and WALTER,[*] District Judge.

PER CURIAM:[**]

After a jury trial, at which Segunthani Balogun ("Balogun") represented himself with "assistance" from appointed counsel, Balogun was found guilty of conspiracy to possess heroin with intent to distribute, aiding and abetting the possession of heroin with intent to distribute, and conspiracy to import heroin. On appeal, Balogun argues that the district court erred in not conducting a <u>Faretta</u> inquiry to determine if his waiver of his

---

[*] District Judge for the Western District of Louisiana, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Sixth Amendment right to counsel was voluntary, knowing, and intentional. Having carefully reviewed the briefs and record, this court finds that the district court, although understandably frustrated with Balogun's behavior, should have conducted the requisite Faretta inquiry. We, therefore, vacate and remand for a new trial.

This court reviews the question of whether a waiver of the Sixth Amendment right to counsel is voluntary, knowing, and intentional de novo. Brewer v. Williams, 430 U.S. 387, 403-04, 97 S.Ct. 1232, 1241-42 (1977). In Faretta v. California, 422 U.S. 806, 821, 95 S.Ct. 2525, 2534 (1975), the Supreme Court recognized that the right to self-representation is guaranteed by the Sixth Amendment. Before granting a request for self-representation, though, "the trial judge must caution the defendant about the dangers of such a course of action so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'" United States v. Martin, 790 F.2d 1215, 1218 (5th Cir. 1986) (quoting Faretta, 422 U.S. at 835, 95 S.Ct. at 2541). The district court:

> must consider the defendant's age and education, and other background, experience, and conduct. The court must ensure that the waiver is not the result of coercion or mistreatment of the defendant, and must be satisfied that the accused understands the nature of the charges, the consequences of the proceedings, and the practical meaning of the right he is waiving.

2

<u>Martin</u>, 790 F.2d at 1218 (internal citations omitted).

The government contends that a <u>Faretta</u> inquiry was not required because (1) Balogun never unequivocally expressed a desire to represent himself, and (2) even if he did unambiguously waive his right to be represented by counsel, Balogun withdrew his waiver by permitting appointed counsel to participate at trial. Both of these arguments fail.

The record shows that the district court acknowledged before the jury that Balogun had invoked his right to self-representation: "Mr. Balogun has waived his right to be represented by counsel and has expressed a desire to represent himself." Thus, the district court should have conducted a <u>Faretta</u> inquiry to determine whether Balogun knowingly and intelligently waived his right to counsel. <u>See</u> <u>United States v. Sandles</u>, 23 F.3d 1121, 1127 (7th Cir. 1994); <u>Keen v. United States</u>, 104 F.3d 1111, 1115 (9th Cir. 1996); <u>United States v. Balough</u>, 820 F.2d 1485 (9th Cir. 1987).

Furthermore, the "assistance of standby counsel, no matter how useful to the court or the defendant, cannot qualify as the assistance of counsel required by the Sixth Amendment." <u>United States v. Taylor</u>, 933 F.2d 307, 312 (5th Cir. 1991). As a result, the presence of stand-by counsel is not an effective substitute for the requisite <u>Faretta</u> inquiry. <u>See</u> <u>United States v. Taylor</u>, 113 F.3d 1136, 1143-44 (10th Cir. 1996)(holding that the trial court

3

was required to conduct a <u>Faretta</u> inquiry even though the pro se defendant received help from standby counsel); <u>Sandles</u>, 23 F.3d at 1127 ("even the capable assistance of standby counsel during trial cannot function as a substitute for a detailed inquiry into a defendant's decision to waive his constitutional right to counsel."). Unlike the defendant in <u>Brown v. Wainwright</u>, 665 F.2d 607, 611 (5th Cir. 1982), Balogun never stopped representing himself at trial. Although appointed counsel assisted Balogun at various stages, a <u>Faretta</u> inquiry was still required. This court, therefore, vacates and remands for a new trial.

**VACATED and REMANDED.**