**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Jose Hector LOPEZ, also known**
**as Humberto Ramos–Valle,**
**Defendant–Appellant.**

**No. 09–40584.**

United States Court of Appeals,
Fifth Circuit.

June 24, 2010.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Timothy William Crooks, Assistant Federal Public Defender, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Jose Hector Lopez, Karnes City, TX, pro se.

Before JONES, Chief Judge, and KING and HAYNES, Circuit Judges.

EDITH H. JONES, Chief Judge: *

Jose Lopez challenges his conviction for illegal reentry, in violation of 18 U.S.C. § 1326(a) and (b). Among other claims, Lopez contends that his Sixth Amendment right to counsel was violated because he did not knowingly and intelligently waive the right. We agree and vacate and remand for a new trial.

Lopez was indicted for knowingly and unlawfully attempting to enter the United States without proper consent after previously being denied admission, excluded, deported, and removed. On the day of trial, Lopez asked the district court to appoint a different lawyer or to allow him to proceed *pro se*. The district court then engaged in a circuitous colloquy with Lopez concerning this issue. Following this discussion, the district court allowed Lopez to proceed *pro se* with standby counsel. After a bench trial, Lopez was convicted and he appeals.

In *Faretta v. California*, the Supreme Court held that the Sixth Amendment entitles a criminal defendant to forgo the assistance of counsel and represent himself. 422 U.S. 806, 832–34, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). However, the Court recognized that a defendant who relinquishes his right to counsel "relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel." *Id.* at 835, 95 S.Ct. 2525.

For this reason, in order to represent himself, the accused must "knowingly and intelligently" forgo those relinquished benefits. Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that "he knows what he is doing and his choice is made with eyes open." *Id.* (internal citations and quotations omitted). Such warnings must be given even if the court provides stand-by counsel. *United States v. Davis,* 269 F.3d 514, 520 (5th Cir.2001). The question here is whether the judge sufficiently warned Lopez of the dangers of waiving his right to counsel so that Lopez could "knowingly and intelligently" choose to represent himself. We review this issue de novo. *United States v. Joseph,* 333 F.3d 587, 589 (5th Cir.2003).

This court has never required a set script for warning defendants about the dangers of self-representation, *Davis,* 269 F.3d at 518–519, but we have described generally what a trial judge must do before granting such a request:

[T]he trial judge must caution the defendant about the dangers of such a course of action so that the record will establish that he knows what he is doing and his choice is made with eyes open. In order to determine whether the right to counsel has been effectively waived, the proper inquiry is to evaluate the circumstances of each case as well as the background of the defendant.

*United States v. Martin,* 790 F.2d 1215, 1218 (5th Cir.1986) (internal citations and

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

quotations omitted). In particular, the trial judge should consider various factors:

> The court must consider the defendant's age and education, and other background, experience, and conduct. The court must ensure that the waiver is not the result of coercion or mistreatment of the defendant, and must be satisfied that the accused understands the nature of the charges, the consequences of the proceedings, and the practical meaning of the right he is waiving.

*Id.* (internal citations and quotations omitted).

The court has reviewed the record with great care. Without reciting the district court's confusing exchange with Lopez, we conclude that the trial judge did not fully discharge his responsibility. The district court asked pertinent questions regarding Lopez's competency to represent himself, but the record before us reveals only a series of disjointed ramblings by Lopez. Although he was a clear manipulator and had the potential to be and had been disruptive, we cannot infer from his dialogue with the court what factual basis the court had for finding him capable of self-representation. Noticeably absent, moreover, were warnings to Lopez of the consequences of self-representation. It is a close call, but the record is too sketchy to conclude that Lopez made his choice with eyes open.

We therefore must vacate Lopez's conviction and remand for a new trial.

**VACATED and REMANDED.**