# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 4, 2011

Lyle W. Cayce
Clerk

No. 10-20169

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

IRA KLEIN,

Defendant-Appellant.

Appeals from the United States District Court
for the Southern District of Texas
4:06-cr-56-1

Before JOLLY, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Ira Klein once again appeals his sentence for mail fraud and health care fraud. In Klein's first appeal, we concluded that the district court used an improper method to calculate the amount of loss resulting from Klein's fraud for purposes of the Sentencing Guidelines and the court's restitution order. *See United States v. Klein*, 543 F.3d 206, 215-16 (5th Cir. 2008). On remand, Klein sought to represent himself at the resentencing hearing, a request the district court granted after a terse colloquy. Klein now argues that his waiver of the

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

right to counsel was not knowing and intelligent. He also argues that the district court did not follow this court's instructions in recalculating the amount of loss.

A criminal defendant has a "constitutional right to proceed without counsel, but only when he knowingly and intelligently elects to do so." *United States v. Joseph*, 333 F.3d 587, 589-90 (5th Cir. 2003) (citing *Faretta v. California*, 422 U.S. 806, 833-35 (1975)). Before a district court may allow the defendant to proceed *pro se*, therefore, it "must caution the defendant about the dangers of such a course so that the record will establish that he knows what he is doing and his choice is made with eyes open." *United States v. Martin*, 790 F.2d 1215, 1218 (5th Cir. 1986) (internal quotation marks omitted). This requirement applies with equal force at sentencing as it does at trial. *United States v. Cano*, 519 F.3d 512, 516-17 (5th Cir. 2008).

As to the content of the *Faretta* hearing, "we require no sacrosanct litany for warning defendants against waiving the right to counsel," providing flexibility for the district court to determine the precise nature of the appropriate warning in the circumstances of the case. *United States v. Davis*, 269 F.3d 514, 519 (5th Cir. 2001). Nevertheless, the district court must effectively warn the defendant of the "perils and disadvantages of self-representation." *Id.* at 520. The district court "must consider various factors, including the defendant's age and education, and other background, experience, and conduct . . ., and must be satisfied that the accused understands the nature of the charges, the consequences of the proceedings, and the practical meaning of the right he is waiving." *Id.* Moreover, the record must establish that the defendant's choice is knowing and intelligent, which turns on the sufficiency of the court's warning. *See id.* at 518. Our review is *de novo*. *United States v. Virgil*, 444 F.3d 447, 452 (5th Cir. 2006).

No. 10-20169

In this case, the court essentially asked only two questions.  The court asked Klein to confirm his understanding (1) that he was not a lawyer and (2) that the court would not assist him in his defense.  The only additional warning Klein's on-the-record discussion with his attorney provided was that the Sentencing Guidelines can be "complicated and not obvious."  The court did not warn Klein that his decision might put him at a disadvantage or recommend that Klein proceed with the assistance of counsel.  Thus, the "district court took no steps, except in the most general way, to insure that [Klein] was aware" of the perils of self-representation.  *United States v. Jones*, 421 F.3d 359, 364 (5th Cir. 2005).  In addition, the record reflects that Klein suffered from mental instability which led to two suicide attempts and resulted in the defendant needing mood-stabilizing medications, all of which was revealed to the district court in the PSR.  This information should have raised a red flag for further questioning, or at least spurred the court to give more specific warnings about the disadvantages of *pro se* representation.

As this court has noted before, the "risk of an off the cuff exchange with the defendant is that the exchange may end up lacking a sufficient basis on which we can find that the defendant made a knowing and intelligent waiver of this important right."  *Id.*  On this record, we cannot conclude that Klein's waiver was knowing and intelligent.  We therefore VACATE Klein's sentence and restitution order and REMAND for resentencing.[1]

---

[1] In light of our disposition, we need not decide Klein's argument that the district court ignored our prior instructions regarding the loss calculation.  At the hearing on remand, it appears that the Assistant United States Attorney stated, without providing supporting evidence, that he was unable to obtain information regarding the amounts actually paid by the insurers in the relevant timeframe for the pharmaceuticals involved here.  In this era of computer storage, it would be helpful to have actual evidence of unavailability in the record, especially as Klein was apparently able to obtain some of that very information.  A clearer record as to the loss calculation might obviate the need for a third appeal in this case.

3