**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 29, 2012

No. 11-10352
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

KIMBERLY LOGAN,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:10-CR-143-3

Before DAVIS, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Kimberly Logan appeals the sentence imposed following her guilty-plea conviction for conspiracy to possess and distribute pseudoephedrine while knowing and having a reasonable cause to believe it would be used to manufacture methamphetamine, in violation of 21 U.S.C. § 846. Following the denial of the Federal Public Defender's motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), the parties have briefed a potentially

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

nonfrivolous issue, which was identified in the order dated November 10, 2011, and concerns the appeal-waiver provision in Logan's plea agreement.

In the waiver, which the Government seeks to enforce, Logan retained the right to appeal only: the voluntariness of her guilty plea and appeal waiver; a claim of ineffective assistance of counsel; a sentence in excess of the statutory maximum; or an arithmetic error at sentencing. She asserts the waiver-contentions raised by the Government have been rejected previously by a motions panel of this court and, thus, there is no reason to reconsider them. Contrary to Logan's assertion, the motions-panel's decision is not binding on this panel. *E.g., In re Meyerland Co.*, 910 F.2d 1257, 1263 (5th Cir. 1990). Therefore, the waiver-contentions by the Government may be addressed. *In re Grand Jury Subpoena*, 190 F.3d 375, 379 n.6 (5th Cir. 1999).

Appeal waivers are reviewed *de novo* and construed narrowly against the Government. *United States v. Palmer*, 456 F.3d 484, 488 (5th Cir. 2006). Such review is "a two-step inquiry: (1) whether the waiver was knowing and voluntary and (2) whether the waiver applies to the circumstances at hand, based on the plain language of the agreement". *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005). Logan does not challenge the voluntariness of her appeal waiver. Therefore, we address only the second inquiry.

Logan contends: the district court committed a sentencing error by basing its drug-quantity determination on unreliable and conclusory statements in the presentence report and addendum, and this constituted an arithmetic error which she retained the right to appeal. The record does not suggest the parties intended the term "arithmetic error" to mean anything other than an error involving a mathematical calculation. *E.g.*, *id.* at 546 (without indication of different intent, terms in appellate waiver given their "ordinary and natural meaning").

Logan's challenge to the court's drug-quantity determination is not a claim involving the "usual and ordinary meaning" of arithmetic error. *Id.* at 545.

While Logan may be challenging the court's factual findings regarding drug quantity, she is not challenging the court's arithmetic; even if the drug quantities the court relied on were inaccurate, Logan does not claim it erred in adding those quantities. Therefore, Logan's claim does not fall within the "arithmetic error" exception of her appeal waiver.

DISMISSED.