# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-10930
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 8, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GANIU A. AKANDE, also known as Mohammed Yussuf,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:12-CR-59

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Ganiu A. Akande appeals the above-guidelines sentence that the district court imposed following his guilty plea to possession of stolen mail. Following the denial of the Federal Public Defender's motion to withdraw under *Anders v. California*, 386 U.S. 738 (1967), the parties have briefed a potentially nonfrivolous issue, which was identified in the order dated August 27, 2014, and concerns the appeal-waiver provision in Akande's plea agreement.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10930

Appeal waivers are reviewed de novo and construed narrowly against the Government. *United States v. Palmer*, 456 F.3d 484, 488 (5th Cir. 2006). To determine whether an appeal is barred by a waiver provision in a plea agreement, we conduct a two-step inquiry, asking whether the waiver was knowing and voluntary and whether, under the plain language of the plea agreement, the waiver applies to the circumstances at issue. *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005). Akande does not challenge the knowing and voluntary nature of the waiver. Therefore, we address only the second inquiry.

In the waiver, which the Government seeks to enforce, Akande reserved the right to appeal "an arithmetic error at sentencing." The record does not suggest that the parties intended the term "arithmetic error" to mean anything other than "an error involving a mathematical calculation." *United States v. Logan*, 498 F. App'x 445, 446 (5th Cir. 2012); *see also Bond*, 414 F.3d at 546 (noting that, without indication of different intent, terms in appellate waiver are given their "ordinary and natural meaning" (internal quotation marks and citation omitted)).

Akande argues that the district court made an arithmetic error in applying U.S.S.G. § 5G1.3(b) when it credited him only 26 months of time served, instead of 26 months and 5 days. Akande asserts that the district court's miscalculation of the time since his arrest "is arithmetic error within any reasonable understanding of the term." We agree.

The district court's determination of Akande's time served in state custody was a mathematical calculation. The presentence report (PSR) noted that Akande was arrested on June 14, 2011, on state charges related to the federal offense. Akande's counsel also asserted that Akande had been in continuous custody since his June 14, 2011 arrest and that the state will give

him credit for time served back to that date. Counsel then asked for an adjustment on Akande's federal sentence for the "roughly 26 months that he has served." The district court agreed that the sentence should be adjusted for the time served in state custody. The district court, however, "determine[d] that Mr. Akande has been in state custody for 26 months." That calculation was an error. Subtracting the arrest date, June 14, 2011, from the federal sentencing date, August 19, 2013, Akande had actually spent 26 months and 5 days in custody.

Having concluded that the issue Akande raises on appeal is not barred by the appeal-waiver provision, we nevertheless affirm the sentence the district court imposed. Akande did not object to the sentence imposed. Moreover, a "defendant may not complain on appeal of errors that he himself invited or provoked the [district] court . . . to commit." *United States v. Salazar*, 751 F.3d 326, 332 (5th Cir. 2014) (alterations in original) (citation omitted). "Invited error imposes an even higher standard than does plain-error review: We will not reverse on the basis of invited error, absent manifest injustice." *Id.* Here, Akande's counsel never explicitly alerted the district court that the proper calculation of Akande's time served was exactly 26 months and 5 days. Instead, counsel affirmatively represented to the district court at least four times that Akande had been in custody for "26 months." Counsel also advised the district court that an "adjustment of 26 months would appropriately be taken off whatever sentence the Court determines is appropriate." Finally, Akande's counsel did not object when the district court clarified, before imposing the sentence, that "the amount [Akande] would be credited is 26 months." These affirmative assertions that the district court should credit Akande 26 months of time served "arguably constitutes invited error." *United*

No. 13-10930

*States v. Fernandez-Cusco*, 447 F.3d 382, 384 (5th Cir. 2006). Nevertheless, out of an abundance of caution, we will also review for plain error.

Under plain error review, "relief is not warranted unless there has been (1) error, (2) that is plain, and (3) affects substantial rights." *Jones v. United States*, 527 U.S. 373, 389 (1999). Even assuming that Akande could satisfy these three prongs, this court must still conclude that the error "seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Henderson v. United States*, 133 S. Ct. 1121, 1130 (2013). This court has cautioned that "[n]ot every error that increases a sentence need be corrected by a call upon plain error doctrine." *United States v. Ellis*, 564 F.3d 370, 378 (5th Cir. 2009). Generally, "we look to the degree of the error and the particular facts of the case to determine whether to exercise our discretion." *United States v. Avalos-Martinez*, 700 F.3d 148, 154 (5th Cir. 2012) (internal quotation marks and citation omitted)). Because Akande's sentence is only five days longer than what he contends that it should be and because the district court thoroughly articulated its reasons for upwardly departing from the advisory Guidelines range, this disparity does not rise to an error that "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Henderson*, 133 S. Ct. at 1130.

For the reasons stated above, we AFFIRM Akande's sentence.

4