# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11406
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 26, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee

v.

ROLANDO FRANCISCO MINANO,

                              Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CR-273-1

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Rolando Francisco Minano pleaded guilty to conspiracy to commit mail fraud and was sentenced, within the guidelines, to 78 months of imprisonment. His sentence included a 14-level enhancement because he was determined to be accountable for a loss to the government of $665,962.76. *See* U.S.S.G. § 2B1.1(b)(1)(H). In pleading guilty, Minano waived his right to appeal except, relevantly, to challenge an arithmetic error at sentencing. He now appeals,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

alleging that the district court failed to subtract from the attributable loss total money that the Government owed to taxpayers as refunds.  Minano contends that the appeal waiver does not bar this claim because the court's error involved arithmetic.  The Government disagrees and asks us to enforce the waiver.  *See United States v. Story*, 439 F.3d 226, 230 n.5 (5th Cir. 2006).

"This court reviews de novo whether an appeal waiver bars an appeal." *United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014).  In so doing, we "conduct a two-step inquiry: (1) whether the waiver was knowing and voluntary and (2) whether the waiver applies to the circumstances at hand, based on the plain language of the agreement." *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005).  We easily resolve the first inquiry against Minano because his assertions that his plea was not knowing or voluntary are entirely conclusory.  *See United States v. Charles*, 469 F.3d 402, 408 (5th Cir. 2006).  In any event, our review of the record satisfies us that Minano's waiver of his appeal rights was both knowing and voluntary.  *See Bond*, 414 F.3d at 544; *United States v. McKinney*, 406 F.3d 744, 746 n.2 (5th Cir. 2005).

Furthermore, as the record does not suggest that the parties intended the term "arithmetic error" in the appeal waiver to have any special meaning, we construe it to mean simply "an error involving a mathematical calculation." *United States v. Logan*, 498 F. App'x 445, 446 (5th Cir. 2012) (internal quotation marks and citation omitted).  The error Minano complains of is not mathematical, as we have used that term.  *See id.*  Calculating the loss amount under § 2B1.1 requires the district court to exercise its judgment in assessing a nonexhaustive list of factors rather than to apply a strict mathematical formula.  By attacking the district court's § 2B1.1 assessment, Minano challenges the court's application of that Guideline, not the correctness of its arithmetic.  *See id.*

No. 16-11406

In light of the foregoing, we hold that Minano's challenge to the § 2B1.1 enhancement is barred by the appeal waiver. *See Bond*, 414 F.3d at 544. Accordingly, the appeal is DISMISSED.