# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 17-11010
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**
September 10, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRYAN RAFAEL CERDA, also known as Rafael Moreno,

Defendant-Appellant

————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CR-286-9

————

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Bryan Rafael Cerda appeals the sentence imposed after he pleaded guilty to conspiring to possess with intent to distribute methamphetamine. The district court reduced the guideline sentence by 27 months under U.S.S.G. § 5G1.3(b) in consideration of an undischarged state sentence. But it ordered the federal sentence to run consecutively to an undischarged state sentence for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-11010

heroin trafficking.  Cerda contends that the federal sentence should have been made to run concurrently with the heroin sentence.

The Government asserts that, according to a written plea agreement, Cerda has waived his right to appeal, subject to exceptions including a claim of arithmetic error and claim of ineffective assistance of counsel.  Cerda does not challenge the validity of the waiver but contends that his sentencing claims are excepted from the waiver because they concern inherent arithmetic errors in calculating the dates of his heroin sentence and a related state sentence for marijuana possession.  Absent some indication that the parties meant something else, we construe "arithmetic error to mean simply an error involving a mathematical calculation." *United States v. Minano*, 872 F.3d 636, 636 (5th Cir. 2017) (internal quotation marks and citation omitted).  Cerda's claims concern errors of fact or law about the status of his state sentences and the application of § 5G1.3(b).  The claims do not fit within our narrow definition of arithmetic error and are barred by the appeal waiver.  *See id.*

Cerda also argues that counsel rendered ineffective assistance by failing to object to the district court's errors of law in applying § 5G1.3(b).  A claim of ineffective counsel is typically not sufficiently developed for consideration on direct appeal.  *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014). Cerda asserts that the record is adequate in this case, but we decline to address the claim because the relevant issues are best resolved in a motion under 28 U.S.C. § 2255.  *See Massaro v. United States*, 538 U.S. 500, 503-09 (2003).

In light of the valid and enforceable waiver of appeal, the Government's motion to dismiss the appeal is GRANTED, and the appeal is DISMISSED without prejudice to Cerda filing a § 2255 motion in which he may assert the ineffectiveness of counsel.