# United States Court of Appeals
# for the Fifth Circuit

―――――――――――

No. 23-20275
Summary Calendar

―――――――――――

United States Court of Appeals
Fifth Circuit

**FILED**

July 24, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Christopher McIntosh,

*Defendant—Appellant*.

―――――――――――――――――――――――――――

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CR-719-2

―――――――――――――――――――――――――――

Before Haynes, Higginson, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Christopher McIntosh pleaded guilty to conspiracy to receive and distribute child pornography in violation of 18 U.S.C. § 2252A(a)(2), (b)(1) and conspiracy to advertise child pornography in violation of 18 U.S.C. § 2251(d), (e). McIntosh waived his right to challenge his convictions or sentences on direct appeal or collateral review, reserving only his ability to

―――――――――――――――――――――――

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

raise a claim of ineffective assistance of counsel. He was sentenced to 240 months of imprisonment on the distribution-conspiracy count and to a concurrent 360-month prison term on the advertisement-conspiracy count. He was also sentenced to concurrent 10-year terms of supervised release. The matter of restitution, which was mandatory here, *see* 18 U.S.C. § 2259(b)(4)(A) and (c)(3), was deferred until after sentencing. McIntosh, who had been represented by retained counsel through sentencing, filed a timely pro se notice of appeal from the judgment of conviction. New counsel was appointed to represent McIntosh on appeal. Later, the district court entered an amended judgment, which ordered McIntosh to pay $200,000 in restitution, and appointed counsel filed a timely notice of appeal from that amended judgment.

*The convictions*

McIntosh does not challenge his conviction on the distribution-conspiracy count. However, he argues that his advertisement-conspiracy conviction is invalid because the factual basis that supported his plea was insufficient to establish every element of that offense. This argument is not barred by the appeal waiver, but it is reviewed only for plain error because it was not raised in the district court. *See United States v. Trejo*, 610 F.3d 308, 312-13 (5th Cir. 2010).

As relevant here, § 2251(d)(1) makes it a crime for any person to knowingly publish any notice or advertisement seeking or offering to receive or exchange, display, distribute or reproduce, any visual depiction if the visual depiction involves the use of a minor engaging in sexually explicit conduct and the visual depiction is of such conduct. *See* 18 U.S.C. § 2251(d)(1)(A). McIntosh does not deny that he went into private internet chatrooms on at least three different networks and posted links to third-party websites containing images or videos of children engaged in sexually explicit

2

conduct. He maintains, though, that his conduct did not amount to advertising for purposes of the statute of conviction. McIntosh asserts that the plain meaning of the word advertise suggests there should be some public component to the activity. This court has never addressed this issue, however, and other federal circuits have come to divergent conclusions on the issue. Therefore, McIntosh has not shown that the district court clearly or plainly erred in finding that the factual basis was sufficient to establish the advertisement element of the § 2251(d) offense. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Jones*, 88 F.4th 571, 573-74 (5th Cir. 2023), *cert. denied*, 144 S. Ct. 1081 (2024).

McIntosh also argues that the written factual basis for his plea was insufficient to establish that he agreed with any other person to advertise child pornography. We disagree. A conspiracy requires "(1) an agreement between two or more persons to pursue an unlawful objective; (2) the defendant's knowledge of the unlawful objective and voluntary agreement to join the conspiracy; and (3) an overt act by" at least one of the members of the conspiracy "in furtherance of the objective of the conspiracy." *United States v. Daniel*, 933 F.3d 370, 377 (5th Cir. 2019) (internal quotation marks and citation omitted). Only the existence of an agreement is at issue here.

"No formal agreement between the parties is essential to the formation of a conspiracy, for the agreement may be shown by concerted action, all the parties working together understandingly with a single design for the accomplishment of a common purpose." *United States v. Mendez*, 496 F.2d 128, 130 (5th Cir. 1974). "Nor is it necessary for all co-conspirators to know each other or to work together on every transaction." *United States v. Chapman*, 851 F.3d 363, 377 (2017) (internal quotation marks and citation omitted). McIntosh's factual basis established that he acted in concert with Charles McCreary, Jr., and others to maintain a viable forum for the advertisement of child pornography. Given that concert of action for a

common purpose, the district court did not clearly or obviously err in determining that the factual basis established McIntosh's participation in the conspiracy alleged here. *See Puckett*, 529 U.S. at 135; *Chapman*, 851 F.3d at 377; *Mendez*, 496 F.2d at 130.

### *Prison terms*

McIntosh argues that the district court erred in its application of the Sentencing Guidelines when calculating his advisory imprisonment range. The Government argues that McIntosh's appeal waiver bars this sentencing challenge. McIntosh has not shown that his guilty plea was unknowing or invalid. The record shows that McIntosh understood he had the right to appeal and that he agreed to waive that right as part of his plea agreement. He averred that he fully understood the terms of his agreement and posed no questions to the district court about the appeal-waiver provision. The appeal waiver was therefore knowing and voluntary and should be enforced. *See United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005); *United States v. Portillo*, 18 F.3d 290, 293 (5th Cir. 1994). As McIntosh reserved only his right to raise a claim of ineffective assistance of counsel, any challenge to the procedural or substantive reasonableness of his sentence is waived and, therefore, must be dismissed. *See United States v. Minano*, 872 F.3d 636, 637 (5th Cir. 2017).

### *Restitution*

McIntosh contends that the amended judgment imposing restitution must be vacated because he did not have the benefit of counsel in connection with the restitution proceedings. This claim is tantamount to a claim of ineffective assistance of counsel and, as such, is not barred by McIntosh's appeal waiver. *See United States v. Pleitez*, 876 F.3d 150, 156-57 (5th Cir. 2017).

As stated above, restitution under § 2259 is mandatory, and an order issued under that statute must be issued and enforced in accordance with 18 U.S.C. § 3664. 18 U.S.C. § 2259(b)(3) & (4). Where, as in this case, restitution proceedings are deferred until after sentencing, the proceedings are governed by 18 U.S.C. § 3664(d)(5). 18 U.S.C. § 3664(d)(5). "[T]he final determination of a mandatory restitution award under § 3664(d)(5) constitutes a critical stage [of criminal proceedings] during which a defendant is entitled to the assistance of counsel." *Pleitez*, 876 F.3d at 159. When the Government filed its restitution motion in this case, retained counsel stated that he was no longer representing McIntosh, and appellate counsel stated that he was only representing him in connection with his appeal. McIntosh had requested appointed counsel to assist him in the restitution proceeding, but the district court denied that motion and ordered restitution in the amount requested by the Government.

Because McIntosh effectively had no representation in connection with the deferred restitution proceedings under § 3664(d)(5), a critical stage in the criminal proceedings, the restitution order and the amended judgment imposing restitution must be vacated. *See Pleitez*, 876 F.3d at 161. The entire sentence need not be vacated, however, as the restitution determination had no influence on the district court's determination of McIntosh's prison terms, which, in any event cannot be challenged here due to McIntosh's appeal waiver. *See, e.g.*, *United States v. Espinoza*, 677 F.3d 730, 734 & nn.22 (5th Cir. 2012). Relatedly, McIntosh challenges the adequacy of the district court's reasons for its final restitution determination. This challenge is moot in light of our decision to vacate the restitution order and the amended judgment imposing restitution.

McIntosh's convictions are AFFIRMED. His challenge to the district court's application of the Sentencing Guidelines is DISMISSED because it is barred by the appeal waiver, and the prison sentences imposed

No. 23-20275

by the district court are AFFIRMED. The restitution order and the amended judgment imposing restitution are VACATED, and this case is REMANDED to allow McIntosh the assistance of counsel, appointed if necessary, during the final determination of restitution.