# United States Court of Appeals
# for the Fifth Circuit

‗‗‗‗‗‗‗‗‗‗‗‗‗‗

No. 24-10465
Summary Calendar

‗‗‗‗‗‗‗‗‗‗‗‗‗‗

United States Court of Appeals
Fifth Circuit

**FILED**

December 13, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jhamal Antwan Farris,

*Defendant—Appellant*.

‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:24-CR-2-2

‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗

Before Haynes, Higginson, and Douglas, *Circuit Judges*.

Per Curiam:*

Jhamal Antwan Farris pleaded guilty, pursuant to a plea agreement, to interference with commerce by robbery and was sentenced, within the guidelines range, to 151 months of imprisonment and three years of supervised release. As part of his plea agreement, Farris generally agreed to

_____

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

waive his right to appeal and collaterally attack his conviction and sentence except, relevantly, to challenge an arithmetic error at sentencing.

On appeal, the attorney appointed to represent Farris has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Farris has filed a response, in which he argues that the district court improperly calculated his sentencing guidelines range because his criminal history score was incorrect and because a revised presentence report ("PSR") corrected the range to be higher.

We have reviewed counsel's brief and the relevant portions of the record reflected therein, as well as Farris's response. We concur with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review.

"This court reviews de novo whether an appeal waiver bars an appeal." *United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014). In so doing, we "conduct a two-step inquiry: (1) whether the waiver was knowing and voluntary and (2) whether the waiver applies to the circumstances at hand, based on the plain language of the agreement." *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005). Our review of the record satisfies us that Farris's waiver of his appeal rights was both knowing and voluntary. *See id.*; *United States v. McKinney*, 406 F.3d 744, 746 n.2 (5th Cir. 2005).

Moreover, "as the record does not suggest that the parties intended the term 'arithmetic error' in the appeal waiver to have any special meaning, we construe it to mean simply 'an error involving a mathematical calculation.'" *United States v. Minano*, 872 F.3d 636, 636 (5th Cir. 2017) (per curiam) (quoting *United States v. Logan*, 498 F. App'x 445, 446 (5th Cir. 2012) (per curiam)). The guidelines errors Farris complains of are not based on the mathematical calculations performed by the district court. *See id.* A

claim challenging the PSR's calculations attacks the district court's application of the Guidelines Manual and factual findings, not its math. *See, e.g.*, *id.* (holding that a challenge to the court's application of a Guideline requires the district court to exercise its judgment in assessing a non-exhaustive list of factors rather than to apply a strict mathematical formula and, thus, an error associated with that assessment is not "arithmetic"); *Logan*, 498 F. App'x at 446 (holding that it is not an arithmetic error to base a drug-quantity determination on unreliable and conclusory statements in the PSR and addendum); *United States v. Moore*, 844 F. App'x 746 (5th Cir. 2021) (holding that the failure to reduce a sentence to account for a defendant's time spent in federal custody prior to sentencing is not a mathematical error); *United States v. Bailey*, 924 F.3d 1289 (5th Cir. 2019) (holding that an alleged error in determining an offense level before subtracting three levels for acceptance of responsibility is not mathematical, but instead is a challenge to "the district court's application of the Guidelines"). Farris's sentencing guidelines claims are thus barred by his appeal waiver.

Accordingly, counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the appeal is DISMISSED. *See* 5th Cir. R. 42.2.