# United States Court of Appeals for the Fifth Circuit

---

No. 24-10981
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

August 28, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

KOLADE AKINWALE OJELADE,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:23-CR-43-1

---

Before RICHMAN, SOUTHWICK, and WILLETT, *Circuit Judges*.

PER CURIAM:[*]

Kolade Akinwale Ojelade appeals the 292-month sentence imposed upon his conviction for wire fraud affecting financial institutions, contending that the district court procedurally erred by applying two sentence enhancements: a 24-level enhancement under U.S.S.G. § 2B1.1(b)(1) based on the actual or intended pecuniary loss for the offense, and a four-level

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

enhancement under U.S.S.G. § 3B1.1(a) because Ojelade was an organizer or leader of the conspiracy. He does not challenge the consecutive 24-month prison term for aggravated identity theft.

Ojelade's challenge to the application of § 3B1.1 is barred by the appeal waiver in his plea agreement. *See United States v. Minano*, 872 F.3d 636, 636 (5th Cir. 2017). Therefore, we do not reach that issue.

Because the waiver provision expressly permits an appeal of the district court's pecuniary loss calculation, and because Ojelade preserved that issue for appeal through a proper objection, we review the district court's loss calculation and underlying factual determinations for clear error and its interpretation of § 2B1.1 de novo. *See United States v. Ainabe*, 938 F.3d 685, 692 (5th Cir. 2019); *United States v. Setser*, 568 F.3d 482, 496 (5th Cir. 2009). "A factual finding is not clearly erroneous if it is plausible in light of the record as a whole." *United States v. Coleman*, 609 F.3d 699, 708 (5th Cir. 2010).

The district court determined that Ojelade, relevantly, intended to cause a loss of $112,900,870.24 through his scheme of fraudulently diverting funds, which were intended to close out real estate transactions, to bank accounts controlled by the conspiracy. The district court reached that total by adding up the "cash-to-close" amounts listed in various real estate closing disclosures found in Ojelade's possession. Ojelade contends that the court erred by including as intended loss the "cash-to-close" amounts in 1,787 closing disclosures that he merely possessed but with respect to which he took no further steps to actually induce a fraudulent wire transfer.

Ojelade fails to show error. Critically, he has never disputed the presentence report's finding—adopted by the district court—that stealing the "cash-to-close" amounts in the various closing disclosures was the primary goal of the fraud scheme. *See United States v. Ollison*, 555 F.3d 152,

164 (5th Cir. 2009). Nor has he disputed the presentence report's finding that with respect to at least 140 victims, he did take additional steps to obtain the "cash-to-close" amounts in the closing disclosures. Consequently, it is not implausible to infer that had the scheme not been uncovered, Ojelade intended to steal as many of the "cash-to-close" amounts as possible. *See Coleman*, 609 F.3d at 708. The district court's estimate of the intended loss was therefore reasonable. *See* U.S.S.G. § 2B1.1, comment. (n.3(B)). Moreover, Ojelade fails to show that the court's chosen method of loss calculation—adding up the "cash-to-close" amounts in the various closing disclosures—was not legally acceptable. *See Ainabe*, 938 F.3d at 692.

AFFIRMED.