**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 4, 2009

No. 08-10087

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JESSE LEON CHRISTIAN

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CR-226

Before JONES, Chief Judge, HIGGINBOTHAM and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jesse Leon Christian ("Christian") appeals the imposition of a condition of supervised release preventing him from having unsupervised contact with minors without the permission of his probation officer. We affirm. He also appeals a sentencing condition requiring his participation in sex offender treatment. We reject this challenge as unripe. Finally, Christian challenges the district court's ruling that his federal sentence run consecutively with any state

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentences, which have not yet been imposed. He admits this argument is foreclosed by precedent.

Christian pled nolo contendere to second degree rape of an adult, in Oklahoma in April 2005. Released on probation in September 2006, he registered as a sex offender in Oklahoma City. But when he traveled to Texas in February 2007, he failed to notify his probation officer or to register as a sex offender in Texas, as required by 18 U.S.C. § 2250.

On June 1, 2007, he was arrested in Texas for eight outstanding felony warrants and two misdemeanor warrants, all originating from Oklahoma. Christian claimed he traveled to Texas just for a short time, back in February, to get his son, Shane Fontaine, out of foster care. Shane was in the custody of Child Protective Services because of alleged sexual abuse perpetrated by someone else. At the time of his arrest, Christian was employed and living with his girlfriend, who was his estranged wife's daughter by another father.

Christian was indicted on a single count of failure to register as a sex offender, 18 U.S.C. § 2250. The presentence report ("PSR") calculated Christian's offense level at 12. His extensive criminal record placed him in criminal history category VI. As a result, the sentencing range was calculated at 30 to 37 months. Christian objected to portions of the PSR. The district court denied the government's motion to depart upward and sentenced Christian to 37 months and five years of supervised release, with the sentence to run consecutively to any as yet unimposed state sentences stemming from the outstanding warrants. The court also imposed two special terms of supervised release. The court ordered Christian to "participate in sex offender treatment services . . . [which] may include psycho-physiological testing." Also, the court barred Christian from "any form of unsupervised contact with minors under the age of 18 at any location . . . without prior permission of the probation officer." Christian objected to both conditions, and after an off-the-record conversation

with the probation officer, the court ruled that the record justified these conditions.

Christian appeals the two conditions of supervised release and the imposition of a sentence to run consecutively with a future state sentence.

Because Christian objected below to the imposition of both special conditions of supervised release, we review the district court's decision for an abuse of discretion. *United States v. Rodriguez*, 558 F.3d 408, 412 (5th Cir. 2009). A district court has wide discretion to impose any condition of supervised release it deems appropriate, but the conditions must be reasonably related to three criteria. *Rodriguez*, 558 F.3d at 412-13 (citing 18 U.S.C. § 3583(d)). First, the sentence must be reasonably related, to (1) "the nature and circumstances of the offense and the history and characteristics of the defendant," (2) the deterrence of criminal conduct, (3) the protection of the public from any further crimes, and (4) the defendant's "needed educational or vocational training, medical care, or other correctional treatment." § 3583(d)(1) (citing 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D)). Second, the condition cannot impose any "greater deprivation than is reasonably necessary" to deter criminal conduct, protect the public from any of the defendant's future crimes, and provide the defendant with "needed educational or vocational training, medical care, or other correctional treatment." § 3583(d)(2) (citing 18 U.S.C. § 3553(a)(2)(B)-(D)). Third, the condition must be consistent with any pertinent policy statements the United States Sentencing Commission issues. § 3583(d)(3).

## 1. No Contact with Minor Children Without Permission

Christian challenges the condition of supervised release that he not have any unsupervised contact with minors without a probation officer's prior approval. Similar restrictions have been upheld in cases involving child pornography or sexual contact with minors. *United States v. Rodriguez*, 558 F.3d 408 (5th Cir. 2009) (pending state charge for sexual assault of a

minor); *United States v. Buchanan,* 485 F.3d 274, 288 (5th Cir. 2007) (convicted of receipt of child pornography); *United States v. Paul*, 274 F.3d 155, 165-66 (5th Cir. 2001) (pled guilty to possession of child pornography).

Christian argues that his prior conviction, in contrast, is for the rape of an adult. He also argues that there is no proof of his sexual contact with children, or that he is likely to abuse children. He contends that the restriction will prevent him from seeing his son, although it is unclear when Christian last saw Shane Fontaine or his other children.[1]

The government argues the restriction is justified because the court found, based on the PSR, that Christian viewed adult pornography in the vicinity of children, and the PSR stated that "[a]ccording to records from the Texas Department of Family and Protective Services, there is a lengthy record of abuse and neglect associated with [Christian], his wife, and their children."[2] Although Christian is not under investigation for sexually abusing Shane Fontaine, the details of this investigation are unclear as the PSR states that the investigation is ongoing. The PSR also mentions a March 9, 2005, arrest for "corporeal injury to child" where Christian denied causing a bruise to the rear end of another infant son with another woman. While being questioned, Christian apologized and asked for forgiveness.[3] Statements in a PSR usually have sufficient indicia of reliability to be used as evidence, unless the PSR merely recites the prosecutor's conclusions. *United States v. Rome*, 207 F.3d 251, 254 (5th Cir.

---

[1] Christian has two other children with two different women.

[2] Christian and his estranged wife, Sherry Fontaine, had twins together, Shane Fontaine and Shania Christian, who died from sudden infant death syndrome at the age of two months. Sherry Fontaine has four other children not by Christian. Presumably the PSR was referencing some combination of these five children.

[3] Christian's written objections to the PSR state that he believes the charge was dropped. The arrest alone would not be compelling, but this one was coupled with his apology and request for forgiveness.

2000). The statements here are sufficiently reliable, and Christian offers no evidence in rebuttal. *See id.*

Because the district court has wide discretion to impose terms of supervised release, this evidence, viewed in its entirety, is sufficient to support the restriction. Christian is not, however, ineluctably barred from contact with his children. The term of supervised release allows such contact with the probation officer's permission. If such permission is unfairly denied, the district court can modify this term under 18 U.S.C. § 3583(e)(2) and Fed. R. Crim. P. 32.1(c). *See United States v. Phipps*, 319 F.3d 177, 193-94 (5th Cir. 2003) (upholding condition of supervised release and suggesting modification as a possible remedy).

## 2. Sex Offender Treatment

Christian argues that requiring him to participate in sex offender treatment services that might include psycho-physiological testing is a greater deprivation of liberty than is reasonably necessary under 18 U.S.C. § 3582(d)(2). He fears that part of his treatment will involve a mentally and physically intrusive procedure of disputed scientific validity called the penile plethysmograph. Christian's broadside against this testing is unripe because the court did not order him to submit to this procedure, and there is no certainty whatsoever the procedure will be ordered. *See United States v. Carmichael*, 343 F.3d 756, 761-62 (5th Cir. 2003). This challenge to a condition of supervised release is unlike Christian's challenge related above, where the restriction is not contingent on future events or decisions. *See, e.g.*, *United States v. Paul*, 274 F.3d 155, 164-55 (5th Cir. 2001) (addressing the appeal of several restrictions including no contact with minors). We agree with those circuits that dismissed similar challenges to penile plethsymograph testing for lack of ripeness. *See United States v. Rhodes*, 552 F.3d 624, 628 (7th Cir. 2009); *United*

*States v. Lee*, 502 F.3d 447, 449-451 (6th Cir. 2007). *But see United States v. Weber*, 451 F.3d at 556-57 (9th Cir. 2006).

Nevertheless, as with the no-contact restriction, Christian can petition the district court to modify this condition if he is ordered to submit to the procedure.

### 3. Concurrent sentences

Christian challenges the district court's ruling that his federal sentence must run consecutively with any state sentence that may be imposed for the Oklahoma charges pending at the time of his arrest. This argument is foreclosed by our prior caselaw. *United States v. Brown*, 920 F.2d 1212, 1216-17 (5th Cir. 1991)

For these reasons, the sentence imposed by the district court is **AFFIRMED**.