# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10074
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 15, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAMIAN ERIK ALCALA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:15-CR-70-2

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

Damian Erik Alcala pleaded guilty to one count of conspiracy to distribute and to possess with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine, and he received a within-guidelines sentence of 324 months in prison. On appeal, he argues that the district court clearly erred by imposing a two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(5) based on a conclusion that the methamphetamine was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-10074

imported.  He also argues that application of the actual methamphetamine to marijuana equivalent multiplier is arbitrary and thus violates due process. The Government moves for summary affirmance, asserting that the importation enhancement was properly applied and that the marijuana equivalency ratio for actual methamphetamine is not arbitrary.

Pursuant to § 2D1.1(b)(5), a two-level upward adjustment should be assessed if the offense of conviction "involved the importation of amphetamine or methamphetamine."  We have held that the enhancement applies "regardless of whether the defendant had knowledge of that importation." *United States v. Serfass*, 684 F.3d 548, 552 (5th Cir. 2012).  Although Alcala asserts that *Serfass* was wrongly decided, one panel of this court may not overrule a decision made by a prior panel absent en banc consideration, a change in relevant statutory law, or an intervening decision by the Supreme Court. *See United States v. Lipscomb*, 299 F.3d 303, 313 & n.34 (5th Cir. 2002). As for Alcala's assertion that the Government was required to prove that the importation constituted relevant conduct attributable to him under U.S.S.G. § 1B1.3, "distribution (or possession with intent to distribute) of imported methamphetamine, even without more, may subject a defendant to the § 2D1.1(b)(5) enhancement." *United States v. Foulks*, 747 F.3d 914, 915 (5th Cir. 2014) (citations omitted).

As to Alcala's second claim of error, § 2D1.1's Drug Equivalency Tables for Schedule I and II stimulants provide that one gram of a mixture or substance containing methamphetamine is equivalent to two kilograms of marijuana, whereas one gram of actual methamphetamine is equivalent to 20 kilograms of marijuana.  § 2D1.1, comment. (n.8(D)).  "In the case of a mixture or substance containing . . . methamphetamine, use the offense level determined by the entire weight of the mixture or substance, or the offense

2

No. 16-10074

level determined by the weight of the . . . methamphetamine (actual), whichever is greater." *Id.* (quoting § 2D1.1(c) n.B). We have held that the 10-to-1 ratio between actual methamphetamine and a substance containing methamphetamine is not irrational or arbitrary and, as a result, does not violate the Due Process Clause. *United States v. Molina*, 469 F.3d 408, 413-14 (5th Cir. 2006). Alcala thus has not shown error. *See id.*

Generally, our summary affirmance procedure is reserved for cases in which the parties concede that relief on every issue raised is foreclosed by circuit precedent. *See, e.g., United States v. Houston*, 625 F.3d 871, 873 n.2 (5th Cir. 2010) (noting the denial of summary affirmance where an issue was not foreclosed). In this case, summary affirmance is inappropriate.

The judgment of the district court is AFFIRMED. The Government's motions for summary affirmance and for an extension of time to file an appellate brief are DENIED.