# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-11223
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 31, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VIRGIL LEE BAILEY, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas

Before DAVIS, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:

Virgil Lee Bailey, Jr., appeals his convictions of production of child pornography under 18 U.S.C. § 2251(a) and possession of child pornography under 18 U.S.C. § 2252(a)(4), as well as his 480-month prison sentence. He concedes that relief on the issues he asserts is foreclosed under our current precedent, and he raises the issues to preserve them for further review. In light of our current precedent, we dispense with further briefing and AFFIRM.

First, Bailey asserts that the factual basis supporting his guilty pleas to the charges is insufficient under Federal Rule of Criminal Procedure 11 because he did not admit that the offenses caused the materials to move in interstate commerce or, at least, that the materials did so in the recent past,

No. 18-11223

as § 2251(a) and § 2252(a)(4) should be construed to require.  Relying on the Supreme Court's decision in *Bond v. United States*, 572 U.S. 844 (2014), Bailey contends that a conviction in the absence of such proof impermissibly intrudes upon the police power of the States.

Plain error review applies to Bailey's forfeited objection to the factual basis for his guilty pleas.  *See United States v. Trejo*, 601 F.3d 308, 313 (5th Cir. 2010).  We have held that the Commerce Clause authorizes Congress to prohibit local, intrastate production of child pornography where the materials used in the production were moved in interstate commerce.  *See United States v. Dickson*, 632 F.3d 186, 189-90, 192 (5th Cir. 2011); *United States v. Kallestad*, 236 F.3d 225, 226-31 (5th Cir. 2000).  The Supreme Court's decision in *Bond* did not abrogate the holdings of these cases.  *See United States v. McCall*, 833 F.3d 560, 564-65 (5th Cir. 2016).  As Bailey concedes, he cannot show error in the district court's decision that there was a sufficient factual basis for his guilty pleas in light of this caselaw.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

Alternatively, Bailey asserts that *Dickson* and *Kallestad* were wrongly decided in light of *National Federation of Independent Business v. Sebelius*, 567 U.S. 519 (2012) (*National Federation*), and that the Commerce Clause does not authorize Congress to impose federal criminal liability where the defendant's conduct is tenuously related to interstate commerce.  Under the rule of orderliness, "we are not at liberty to overrule our settled precedent because the Supreme Court's decision in *National Federation* did not overrule it."  *United States v. Alcantar*, 733 F.3d 143, 146 (5th Cir. 2013).  Therefore, we are bound by *Kallestad* and *Dickson*.  Bailey's arguments are unavailing.

Next, Bailey argues that the district court plainly erred when it determined that his offense level exceeded 43 before subtracting three levels

2

for acceptance of responsibility.  He contends that this constitutes an "arithmetic error" and falls within an exception to his appeal waiver.  We disagree.  The error Bailey complains of is not mathematical, as we have used that term; he challenges the district court's application of the Guidelines, *see United States v. Reyes*, 881 F.2d 155, 156 (5th Cir. 1989), not the correctness of its arithmetic.  *See United States v. Minano*, 872 F.3d 636, 636 (5th Cir. 2017).  Thus, Bailey's knowing and voluntary appeal waiver bars his challenge. *See United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014); *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005).

Accordingly, the judgment of the district court is AFFIRMED.  The Government's motions for summary affirmance and, alternatively, for an extension of time to file an appellate brief, are DENIED.