# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 20-10007
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 15, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANDREW REY YBABEN,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:19-CR-89-1

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Andrew Rey Ybaben appeals his conviction and 300-month sentence for production of child pornography, a violation of 18 U.S.C. § 2251(a). Citing *Bond v. United States*, 572 U.S. 844 (2014), Ybaben argues that the factual basis was insufficient to support his guilty plea because § 2251(a) should be construed as requiring the Government to prove the offense caused the materials to move in interstate commerce or, at least, that the materials moved

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 20-10007

in interstate commerce recently.  He further contends that the district court abused its discretion in overruling his objection to the condition of supervised release requiring him to participate in sex offender treatment that may include plethysmograph testing.  Ybaben acknowledges that his arguments are foreclosed, but he raises the issues to preserve them for further review.  The Government has filed an unopposed motion for summary affirmance, agreeing that the issues are foreclosed.

Summary affirmance is appropriate if "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). The parties are correct that Ybaben's challenge to his factual basis is foreclosed.  *See United States v. Bailey*, 924 F.3d 1289, 1290 (5th Cir.), *cert. denied*, 140 S. Ct. 411 (2019); *United States v. Dickson*, 632 F.3d 186, 192 (5th Cir. 2011); *United States v. Kallestad*, 236 F.3d 225 (5th Cir. 2000).  The parties are also correct that *United States v. Ellis*, 720 F.3d 220, 227 (5th Cir. 2013), forecloses Ybaben's challenge to the condition of his supervised release.  Accordingly, the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED, and the judgment of the district court is AFFIRMED.