# United States Court of Appeals for the Fifth Circuit

No. 22-10042
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 4, 2022

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jason Paul White,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:21-CR-11-1

Before Higginbotham, Graves, and Ho, *Circuit Judges*.

Per Curiam:*

Jason Paul White appeals his conviction and 360-month sentence for production of child pornography, a violation of 18 U.S.C. § 2251(a).  Citing *Bond v. United States*, 572 U.S. 844 (2014), White argues that the factual basis was insufficient to support his guilty plea because § 2251(a) should be

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-10042

construed as requiring the Government to prove that the offense caused the materials to move in interstate commerce or, at least, that the materials moved in interstate commerce recently. White acknowledges that his argument is foreclosed, additionally contending, citing *National Federation of Independent Business v. Sebelius*, 567 U.S. 519 (2012), that Congress's power under the Commerce Clause authorizes it only to regulate commercial activity and that the mere travel of an object through interstate commerce is not, by itself, a commercial act. The Government has filed an unopposed motion for summary affirmance, agreeing that White's challenge to his factual basis is foreclosed.

Summary affirmance is appropriate if "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). The parties are correct that White's challenge to his factual basis is foreclosed. *See United States v. Bailey*, 924 F.3d 1289, 1290 (5th Cir. 2019); *United States v. Dickson*, 632 F.3d 186, 192 (5th Cir. 2011); *United States v. Kallestad*, 236 F.3d 225, 226-31 (5th Cir. 2000). Accordingly, the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED as unnecessary, and the judgment of the district court is AFFIRMED.