# United States Court of Appeals
# for the Fifth Circuit

───────────────

No. 22-10385
Summary Calendar

───────────────

United States Court of Appeals
Fifth Circuit

**FILED**
February 28, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Christopher Darnell Douglas,

*Defendant—Appellant*.

───────────────────────────────

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:21-CR-124-1

───────────────────────────────

Before Southwick, Higginson, and Willett, *Circuit Judges.*

Per Curiam:[*]

Christopher Darnell Douglas appeals his conviction and sentence for production of child pornography. He says the district erred in two ways by: (1) imposing a supervised release condition limiting contact with his son, and (2) accepting a guilty plea based on a factual basis that failed to admit an offense. The Government contends that Douglas is precluded from raising these points of error under the plea agreement's appeal waiver. We pretermit

───────────────────────────

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-10385

consideration of the applicability of the appeal waiver and reach the merits. *See United States v. De Leon*, 915 F.3d 386, 289 n.2 (5th Cir. 2019).

We first address whether the district court exceeded its authority under 18 U.S.C. § 3583(d)(2) by imposing a supervised release condition that limited contact with Douglas's son "to occasions when the probation officer is informed in advance of the defendant's intent to have that contact and the probation officer approves it." Because the district court gave Douglas notification that it intended to impose the condition and Douglas did not object, we review for plain error. *See United States v. Diggles*, 957 F.3d 551, 560 (5th Cir. 2020) (en banc). Accordingly, Douglas must show that imposition of the supervised released condition was clearly or obviously wrong and that the imposition affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

The district court has broad discretion to impose any condition of supervised release it deems appropriate as long as it is reasonably related to certain statutory criteria.[1] *United States v. Rodriguez*, 558 F.3d 408, 412–13 (5th Cir. 2009) (citing § 3583(d)). Douglas does not point to any statute or case prohibiting the district court from imposing such a condition. And we have upheld similar conditions under §§ 3583(d)(2) and 3553(a)(2)(C) as reasonably related to protecting children even considering the sanctity of the parent-child relationship. *See id.* at 417–18; *see also United States v. Christian*,

---

[1] Conditions must (1) be "reasonably related to the factors set forth in" § 3553(a)(1) and (a)(2)(B)-(D); (2) not involve a "greater deprivation of liberty than is reasonably necessary for the purposes set forth in section [3553(a)(2)(B)-(D)]"; and (3) be "consistent with any pertinent policy statements issued by the Sentencing Commission." 18 U.S.C. § 3583(d).

No. 22-10385

344 F. App'x 53, 55–56 (5th Cir. 2009) (per curiam).[2] Douglas thus fails to show the district court plainly erred.

Douglas next challenges the sufficiency of the factual basis for his conviction based on the Supreme Court's decision in *Bond v. United States*, 572 U.S. 844, 847–49 (2014). The Government argues that Douglas is raising a constitutional challenge to 18 U.S.C. § 2251(a), which was waived by his unconditional guilty plea, and that he is couching his arguments as challenging the factual basis to avoid the waiver issue. As noted above, we need not resolve this dispute. Even if Douglas did not waive his argument by pleading guilty, the issue does not survive plain-error review.

It is well settled that the Commerce Clause authorizes Congress to prohibit local, intrastate production of child pornography where the materials used in the production had been moved in interstate commerce. *See United States v. Bailey*, 924 F.3d 1289, 1290 (5th Cir. 2019) (per curiam); *United States v. Dickson*, 632 F.3d 186, 192 (5th Cir. 2011); *United States v. Kallestad*, 236 F.3d 225, 226–31 (5th Cir. 2000). Douglas concedes that the cell phone used in his crime moved in interstate or foreign commerce and that his argument on this point is foreclosed by current law. *See Bailey*, 924 F.3d at 1290.

We have also previously rejected Douglas's alternative argument, based on *National Federation of Independent Business v. Sebelius*, 567 U.S. 519, 551 (2012), that the Commerce Clause authorizes Congress to regulate only commercial activity and not activity that is tenuously related to interstate commerce. *See United States v. Alcantar*, 733 F.3d 143, 146 (5th Cir. 2013).

––––––––––––––––––––

[2] Unpublished opinions issued on or after January 1, 1996, are not binding precedent, but they may be persuasive authority. *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006); 5th Cir. R. 47.5.4.

Under the rule of orderliness, we are "not at liberty to overrule our settled precedent because the Supreme Court's decision in *National Federation* did not overrule it." *Id.* We are bound by *Dickinson* and *Kallestad*. Douglas is correct that relief under plain-error review is unavailable. *See Dickson*, 632 F.3d at 192; *Kallestad*, 236 F.3d at 226–31.

The district court's judgment is AFFIRMED.