# United States Court of Appeals
# for the Fifth Circuit

_____

No. 22-10915
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
May 1, 2023

Lyle W. Cayce
Clerk

United States of America,

Plaintiff—Appellee,

versus

Mark Alan Miller,

Defendant—Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:20-CR-284-1

_____

Before Stewart, Duncan, and Wilson, Circuit Judges.

Per Curiam:[*]

Mark Alan Miller appeals his conviction and sentence for production of child pornography, 18 U.S.C. § 2251(a). Relying on the Supreme Court's decision in *Bond v. United States*, 572 U.S. 844, 847-49 (2014), he challenges the sufficiency of the factual basis for his conviction and argues that the district court erred by accepting a guilty plea based on a factual basis that

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

failed to admit an offense. The Government contends that Miller is precluded from raising his claim under the appeal waiver. It argues that while Miller frames his argument as a challenge to the factual basis, it is really a challenge to the constitutionality of § 2251(a), which he waived by entering a plea agreement. We pretermit consideration of the applicability of the appeal waiver and reach the merits. *See United States v. DeLeon*, 915 F.3d 386, 389 n.2 (5th Cir. 2019). Even if Miller did not waive the error he complains of by pleading guilty, the issue does not survive plain-error review.

It is well-settled that the Commerce Clause authorizes Congress to prohibit local, intrastate production of child pornography where the materials used in the production had been moved in interstate commerce. *See United States v. Bailey*, 924 F.3d 1289, 1290 (5th Cir. 2019); *United States v. Dickson*, 632 F.3d 186, 189-90 (5th Cir. 2011); *United States v. Kallestad*, 236 F.3d 225, 226-31 (5th Cir. 2000). Miller concedes that the cell phone used in his crime moved in interstate or foreign commerce and that his argument on this point is foreclosed by current law. *See Bailey*, 924 F.3d at 1290.

This court has also previously rejected Miller's alternative argument, based on *National Federation of Independent Business v. Sebelius*, 567 U.S. 519, 551 (2019), that the Commerce Clause authorizes Congress to regulate only commercial activity and not activity that is tenuously related to interstate commerce. *See United States v. Alcantar*, 733 F.3d 143, 146 (5th Cir. 2013). Under the rule of orderliness, we are "not at liberty to overrule our settled precedent because the Supreme Court's decision in *National Federation* did not overrule it." *Id.* This court is bound by *Dickson* and *Kallestad* and Miller is correct that relief under plain-error review is unavailable. *See Dickson*, 632 F.3d at 192; *Kallestad*, 236 F.3d at 228-31.

Accordingly, the Government's motion for dismissal is DENIED and the district court's judgment is AFFIRMED.