# United States Court of Appeals
# for the Fifth Circuit

————————

No. 23-50467
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

May 22, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RIGOBERTO GOMEZ CUEVAS,

*Defendant—Appellant*.

————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:23-CR-8-1

————————————————————

Before ELROD, OLDHAM, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

For the first time on appeal, Rigoberto Gomez Cuevas challenges the constitutionality of the statute under which he was convicted, 18 U.S.C. § 922(g)(1). He contends that the statute violates the Second Amendment in light of *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), and that it exceeds Congress's power under the Commerce Clause. The

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

government has filed an opposed motion for summary affirmance or, in the alternative, an extension of time to file its brief.

Because Gomez Cuevas opposes the government's motion for summary affirmance, we decline to grant it. *See United States v. Bailey*, 924 F.3d 1289, 1290 (5th Cir. 2019) (denying motion for summary affirmance but nonetheless affirming the district court's judgment).

However, as Gomez Cuevas acknowledges, this court applies plain-error review to constitutional challenges raised for the first time on appeal. *See United States v. Jones*, 88 F.4th 571, 572 (5th Cir. 2023), *cert. denied*, 144 S. Ct. 1081 (2024). Recently, we rejected a plain-error challenge to the constitutionality of § 922(g)(1) under the Second Amendment, holding that the appellant could not demonstrate plain error in light of the lack of binding precedent on point and the divergent decisions reached by other circuit courts on the same issue. *Id.* at 573-74. Therefore, we affirm the judgment of the district court as to this claim.

Gomez Cuevas also acknowledges that his challenge to the constitutionality of § 922(g)(1) under the Commerce Clause is foreclosed. *See United States v. Alcantar*, 733 F.3d 143, 145–56 (5th Cir. 2013); *see also United States v. Perryman*, 965 F.3d 424, 426 (5th Cir. 2020). Thus, the district court's judgment as to this claim is likewise affirmed.

Given the foregoing, the government's motion for summary affirmance is DENIED. We dispense with further briefing and AFFIRM the judgment of the district court. The government's alternative motion for an extension of time is DENIED as moot.