# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 28, 2024

Lyle W. Cayce
Clerk

————————

No. 23-11059
Summary Calendar

————————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JULIO REYNALDO RIVERA,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:23-CR-123-1

———————————————————

Before SMITH, HIGGINSON, and ENGELHARDT, *Circuit Judges*.
PER CURIAM:[*]

Julio Reynaldo Rivera appeals his conviction and 360-month sentence for sexual exploitation of children, a violation of 18 U.S.C. § 2251(a) and (e). Citing *Bond v. United States*, 572 U.S. 844 (2014), Reynaldo Rivera argues that the district court plainly erred by accepting a factual resume that admitted only that the materials he used had moved in interstate commerce;

————————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

he asserts that § 2251(a) should be construed as requiring the Government to prove that the offense caused the materials to move in interstate commerce or, at least, that the materials moved in interstate commerce recently. Reynaldo Rivera also contends, citing *National Federation of Independent Business v. Sebelius*, 567 U.S. 519 (2012), that Congress's power under the Commerce Clause authorizes it to regulate only commercial activity and that the use of an object that traveled through interstate commerce in the past is not, by itself, a commercial act. However, he concedes that his arguments are foreclosed under current precedent. The Government has filed an unopposed motion for summary affirmance, agreeing that Reynaldo Rivera's challenge is foreclosed.

Summary affirmance is appropriate if "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). The parties are correct that Reynaldo Rivera's challenge to his factual basis is foreclosed. *See United States v. Bailey*, 924 F.3d 1289, 1290 (5th Cir. 2019); *United States v. Dickson*, 632 F.3d 186, 192 (5th Cir. 2011); *United States v. Kallestad*, 236 F.3d 225, 226-31 (5th Cir. 2000). Accordingly, the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED, and the judgment of the district court is AFFIRMED.