# United States Court of Appeals for the Fifth Circuit

————————

No. 23-60642
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
December 9, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ANTONIO ANDRADE-HERNANDEZ,

*Defendant—Appellant*.

————————————————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:23-CR-26-1

————————————————————

Before GRAVES, WILLETT, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Antonio Andrade-Hernandez challenges the denial of his motion to dismiss the indictment, asserting that the statute under which he was convicted, 18 U.S.C. § 922(g)(5)(A), violates the Second Amendment as interpreted by the Supreme Court. In March 2024, we stayed further

———————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 23-60642

proceedings in this case pending the outcome of *United States v. Medina-Cantu*, 23-40336. That case has since been decided.

The Government now moves for summary affirmance, but that procedure is typically used for cases in which the parties concede that the issues are foreclosed. *Khan v. Garland*, No. 21-60372, 2021 WL 5227077, at *1 (5th Cir. Nov. 9, 2021) (unpublished); *see also United States v. Alcala*, 668 F. App'x 83, 84-85 (5th Cir. 2016) (same). Because Andrade-Hernandez opposes the Government's motion and does not concede that his Second Amendment challenge is foreclosed, summary affirmance is inappropriate.

Nevertheless, because we conclude that Andrade-Hernandez's challenge is unavailing, we affirm the district court and dispense with further briefing. *See United States v. Bailey*, 924 F.3d 1289, 1290 (5th Cir. 2019) (dispensing with full briefing and affirming); *see also Khan*, 2021 WL 5227077, at *1 (collecting cases). In *Medina-Cantu*, we upheld the constitutionality of § 922(g)(5), explaining that under binding circuit precedent, illegal aliens are not "members of the political community" covered by the Second Amendment. 113 F.4th 537, 542 (5th Cir. 2024) (per curiam) (affirming *United States v. Portillo-Munoz*, 643 F.3d 437 (5th Cir. 2011)). We explained that this precedent from *Portillo-Munoz* was not abrogated by *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), nor by *United States v. Rahimi*, 602 U.S. ----, 144 S. Ct. 1889 (2024). Andrade-Hernandez's appeal is therefore foreclosed by *Medina-Cantu*. *See Stokes v. Sw. Airlines*, 887 F.3d 199, 205 (5th Cir. 2018) ("[T]he determination whether a given precedent has been abrogated is itself a determination subject to the rule of orderliness.").

We therefore DENY the Government's opposed motion for summary affirmance, DISPENSE with further briefing, and AFFIRM the judgment of the district court.