# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 20, 2025

Lyle W. Cayce
Clerk

No. 24-40027
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Eligio Mendez,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:22-CR-656-1

_____

Before Wiener, Ho, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Eligio Mendez was convicted by a jury of possessing a firearm and ammunition after a felony conviction, in violation of 18 U.S.C. § 922(g)(1). At the time he committed the § 922(g)(1) offense of which he was convicted, Mendez was serving a term of supervised release for a prior felony conviction for unlawful possession of a firearm. On appeal, he argues that § 922(g)(1)

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

violates the Commerce Clause and the Second Amendment, both on its face and as applied to him, in light of the test set forth in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). He also argues that the holding in *United States v. Giglio*, 126 F.4th 1039, 1045-46 (5th Cir. 2025), addressing an as-applied challenge for a defendant who was serving an ongoing criminal sentence when he committed the § 922(g)(1) offense, conflicts with the holding regarding the as-applied challenge in *United States v. Diaz*, 116 F.4th 458, 467 (5th Cir. 2024), *petition for cert. filed* (U.S. Feb. 18, 2025) (No. 24-6625). The Government has filed an opposed motion for summary affirmance or, in the alternative, an extension of time to file a brief.

Summary affirmance is appropriate if "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *United States v. Holy Land Found. For Relief & Dev.,* 445 F. 3d 771, 781 (5th Cir. 2006) (quoting *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969)). The Government is correct that Mendez's arguments are foreclosed. *See Giglio*, 126 F.4th at 1045-46; *United States v. Contreras*, 125 F.4th 725, 729 (5th Cir. 2025); *Diaz*, 116 F.4th at 462. Because *Giglio*, *Contreras*, and *Diaz* are clearly dispositive, we affirm the district court's judgment without further briefing. *See United States v. Bailey*, 924 F.3d 1289, 1290 (5th Cir. 2019).

The motion for summary affirmance is GRANTED, the alternative motion for an extension of time is DENIED as moot, and the judgment of the district court is AFFIRMED.