# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 23-20473
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

May 23, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Christopher Payne,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CR-173-1

———————————————————————

Before Jolly, Jones, and Willett, *Circuit Judges*.

Per Curiam:[*]

Christopher Payne appeals his conviction for possession of a firearm after a felony conviction in violation of 18 U.S.C. § 922(g)(1). He argues that § 922(g)(1) violates the Second Amendment both on its face and as applied to him in light of *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). He also argues that § 922(g)(1) violates the Commerce Clause. The

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-20473

Government has filed an opposed motion for summary affirmance, or, alternatively, for an extension of time in which to file a brief.

As Payne concedes, his Commerce Clause argument is foreclosed. *See United States v. Diaz*, 116 F.4th 458, 462 (5th Cir. 2024), *petition for cert. filed* (U.S. Feb. 18, 2025) (No. 24-6625). Likewise, his facial challenge to § 922(g)(1) also is foreclosed. *See id.* at 471-72. As we have not yet decided the question, we conclude that Payne cannot meet his burden of showing it was plainly erroneous to apply § 922(g)(1) to him based on his prior Texas conviction for aggravated robbery. *See United States v. Jones*, 88 F.4th 571, 573-74 (5th Cir. 2023), *cert. denied*, 144 S. Ct. 1081 (2024).

Because it is opposed, we decline to grant the Government's motion for summary affirmance but will affirm without further briefing. *See United States v. Bailey*, 924 F.3d 1289, 1289-90 (5th Cir. 2019).

The Government's motion for summary affirmance is DENIED, the alternative motion for an extension of time is DENIED, and the judgment of the district court is AFFIRMED.