# United States Court of Appeals for the Fifth Circuit

No. 24-50459
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 30, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RUDY MARIO FLORES,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:23-CR-24-1

Before HIGGINBOTHAM, JONES, and OLDHAM, *Circuit Judges*.
PER CURIAM:[*]

Rudy Mario Flores appeals his conviction for possession of a firearm after a felony conviction in violation of 18 U.S.C. § 922(g)(1) and argues the statute of conviction violates the Commerce Clause and violates the Second Amendment both on its face and as applied to him in light of *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). He correctly concedes

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

that his Commerce Clause challenge and his facial Second Amendment claim are foreclosed. *See United States v. Diaz*, 116 F.4th 458, 462 (5th Cir. 2024), *petition for cert. filed*, (U.S. Feb. 18, 2025) (No. 24-6625); *United States v. Contreras*, 125 F.4th 725, 729 (5th Cir. 2025). The Government has filed a motion for summary affirmance, alternatively for an extension of time in which to file a brief.

As Flores opposes the Government's motion, contending his as-applied Second Amendment challenge is not foreclosed, we decline to grant the Government's motion for summary affirmance. *See United States v. Bailey*, 924 F.3d 1289, 1290 (5th Cir. 2019) (denying motion for summary affirmance but nonetheless affirming the district court's judgment). Nevertheless, the Government is correct that Flores cannot meet his burden of showing it is plainly erroneous to apply § 922(g)(1) to him based on his prior felony theft conviction. *See United States v. Schnur*, 132 F.4th 863, 870-71 (5th Cir. 2025); *see also United States v. Vega*, 332 F.3d 849, 852 n.3 (5th Cir. 2003). We therefore affirm the district court's judgment without further briefing. *See Bailey*, 924 F.3d at 1290.

The Government's motion for summary affirmance is DENIED, the alternative motion for an extension of time is DENIED, and the judgment of the district court is AFFIRMED.