# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 24-11083
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
July 10, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Robert Matthew Bowman,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:24-CR-146-1

———————————————————————

Before King, Haynes, and Ho, *Circuit Judges*.

Per Curiam:[*]

Robert Matthew Bowman appeals his conviction and 120-month sentence for possession of child pornography, a violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). Citing *Bond v. United States*, 572 U.S. 844 (2014), Bowman argues that the district court plainly erred by accepting a factual resume that admitted only that the materials he used had moved in

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

interstate commerce; he asserts that § 2252(a)(4)(B) should be construed as requiring the Government to prove that the offense caused the materials to move in interstate commerce or, at least, that the materials moved in interstate commerce recently. Bowman also contends, citing *National Federation of Independent Business v. Sebelius*, 567 U.S. 519 (2012), that Congress's power under the Commerce Clause authorizes it to regulate only commercial activity and that the use of an object that traveled through interstate commerce in the past is not, by itself, a commercial act. However, he concedes that his arguments are foreclosed under current precedent. The Government has filed an unopposed motion for summary affirmance, agreeing that Bowman's challenge is foreclosed.

Summary affirmance is appropriate if "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). The parties are correct that Bowman's challenge to his factual basis is foreclosed. *See United States v. Bailey*, 924 F.3d 1289, 1290 (5th Cir. 2019); *United States v. Dickson*, 632 F.3d 186, 192 (5th Cir. 2011); *United States v. Kallestad*, 236 F.3d 225, 226-31 (5th Cir. 2000). Accordingly, the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED as moot, and the judgment of the district court is AFFIRMED.