# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 4, 2025

Lyle W. Cayce
Clerk

———————

No. 24-11086
Summary Calendar

———————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

KALEB LAYNE NIX,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:24-CR-129-1

———————————————————

Before JONES, DUNCAN, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

Kaleb Layne Nix appeals his two guilty-plea convictions for sexual exploitation of children, a violation of 18 U.S.C. § 2251(a) and (e). Citing *Bond v. United States*, 572 U.S. 844 (2014), Nix argues that the district court plainly erred by accepting a factual resume that admitted only that the materials he used had moved in interstate commerce; he asserts that

————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-11086

§ 2251(a) should be construed as requiring the Government to prove that the offense caused the materials to move in interstate commerce or, at least, that the materials moved in interstate commerce recently. Nix also contends, citing *National Federation of Independent Business v. Sebelius*, 567 U.S. 519 (2012), that Congress's power under the Commerce Clause authorizes it to regulate only commercial activity and that the use of an object that traveled through interstate commerce in the past is not, by itself, a commercial act. However, he concedes that his arguments are foreclosed under current precedent. The Government has filed an unopposed motion for summary affirmance.

The parties are correct that Nix's challenge to his factual basis is foreclosed. *See United States v. Bailey*, 924 F.3d 1289, 1290 (5th Cir. 2019); *United States v. Dickson*, 632 F.3d 186, 192 (5th Cir. 2011); *United States v. Kallestad*, 236 F.3d 225, 226-31 (5th Cir. 2000). Summary affirmance is therefore appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Accordingly, the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED, and the judgment of the district court is AFFIRMED.