# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
October 23, 2025

Lyle W. Cayce
Clerk

———————

No. 25-50046
Summary Calendar

———————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee,*

*versus*

NATHAN BERMEA,

*Defendant—Appellant.*

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:24-CR-134-1

———————————————————————

Before RICHMAN, SOUTHWICK, and WILLETT, *Circuit Judges.*

PER CURIAM:[*]

Nathan Bermea pled guilty to possession of a firearm after a felony conviction in violation of 18 U.S.C. § 922(g)(1). Bermea had previously been convicted of possession of a controlled substance. On appeal, he argues that § 922(g)(1) violates the Second Amendment, both facially and as applied to him, and that the statute exceeds Congress's authority under the Commerce

———————————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-50046

Clause. The Government has filed an opposed motion for summary affirmance and, in the alternative, a motion for extension of time to file a brief.

As Bermea concedes, his facial constitutional challenge to § 922(g)(1) and Commerce Clause challenges are foreclosed. *See United States v. Diaz*, 116 F.4th 458, 462, 467-72 (5th Cir. 2024), *cert. denied*, 145 S. Ct. 2822 (2025); *United States v. Alcantar*, 733 F.3d 143, 145-46 (5th Cir. 2013). Because Bermea's unpreserved as-applied argument would require extending existing precedent, he fails to show that § 922(g)(1) clearly or obviously violates the Second Amendment as applied to him. *See United States v. Jones*, 88 F.4th 571, 573-74 (5th Cir. 2023), *cert. denied*, 144 S. Ct. 1081 (2024).

As Bermea opposes the Government's motion for summary affirmance, we decline to grant it. *See United States v. Houston*, 625 F.3d 871, 873 n.2 (5th Cir. 2010); *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Nevertheless, given the foregoing, we affirm the district court's judgment without further briefing. *See United States v. Bailey*, 924 F.3d 1289, 1290 (5th Cir. 2019).

The motion for summary affirmance is DENIED, the Government's alternative motion for an extension of time to file a brief is DENIED, and the judgment of the district court is AFFIRMED.