# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 24-10871
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
November 6, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Brad McLennan,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:24-CR-95-1

———————————————————————

Before Higginbotham, Engelhardt, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Brad McLennan was sentenced to 80 months of imprisonment after pleading guilty to possession of a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g)(1). He contends that the district court erred by classifying his prior Texas conviction for robbery causing bodily injury as a crime of violence under the Sentencing Guidelines. The Government has

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-10871

moved without opposition for summary affirmance or, alternatively, for an extension of time to file a brief.

Summary disposition is proper when "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). We recently held in *United States v. Wickware*, 143 F.4th 670, 674-75 (5th Cir. 2025), that Texas robbery still constitutes a crime of violence under the Sentencing Guidelines. Because *Wickware* is clearly dispositive, we affirm the district court's judgment without further briefing. *See United States v. Bailey*, 924 F.3d 1289, 1290 (5th Cir. 2019).

The motion for summary affirmance is GRANTED, the alternative motion for an extension of time is DENIED as moot, and the judgment of the district court is AFFIRMED.