# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 25-60308
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

December 12, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Marquez Dante Scott,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:24-CR-86-1

———————————————————————

Before King, Haynes, and Ho, *Circuit Judges*.

Per Curiam:[*]

On appeal, Marquez Dante Scott challenges his conviction for possessing a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g)(1).  He argues, as he did in the district court, that § 922(g)(1) violates the Second Amendment on its face and as applied in his case, violates

———————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-60308

the equal protection guarantee of the Fifth Amendment, exceeds Congress's authority under the Commerce Clause, and is unconstitutionally vague.

The Government moves for summary affirmance, arguing that all of Scott's claims are foreclosed. Scott opposes summary affirmance, asserting that his vagueness claim is not foreclosed. We deny the Government's motion for summary affirmance, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), but dispense with further briefing and affirm, *see United States v. Bailey*, 924 F.3d 1289, 1290 (5th Cir. 2019).

As Scott acknowledges, his facial Second Amendment challenge is foreclosed. *See United States v. Diaz*, 116 F.4th 458, 471-72 (5th Cir. 2024), *cert. denied*, 145 S. Ct. 2822 (2025). His as-applied Second Amendment challenge is foreclosed as well, in light of his prior conviction for vehicle theft, *see Diaz*, 116 F.4th at 467-71, and his status as a parolee at the time of the instant offense, *see United States v. Giglio*, 126 F.4th 1039, 1044-45 (5th Cir. 2025). Likewise, his equal protection challenge is foreclosed, *see United States v. Goody*, 143 F.4th 617, 619 (5th Cir. 2025), and so is his Commerce Clause challenge, *see United States v. Alcantar*, 733 F.3d 143, 145-46 (5th Cir. 2013). Finally, we conclude that § 922(g)(1) is not vague in Scott's case. *See United States v. Clark*, 582 F.3d 607, 614 (5th Cir. 2009); *Diaz*, 116 F.4th at 467-71.

Accordingly, the Government's motion for summary affirmance is DENIED, and the judgment of the district court is AFFIRMED.