# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 3, 2026

Lyle W. Cayce
Clerk

No. 25-10638
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

GEORGE KENNETH ORTON, JR.,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:24-CR-66-1

Before KING, HAYNES, and HO, *Circuit Judges*.

PER CURIAM:[*]

George Kenneth Orton, Jr., appeals his jury trial conviction of two counts of production of child pornography pursuant to 18 U.S.C. § 2251(a). He challenges his conviction on several grounds.

First, he contends that the evidence at trial was insufficient to prove that the child pornography images were produced using materials that moved

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

in interstate or foreign commerce.   His argument, which we consider de novo, *see United States v. Resio-Trejo*, 45 F. 3d 907, 910-11 & n.6 (5th Cir. 1995), is unavailing.   If the evidence and all reasonable inferences therefrom are viewed in the light most favorable to the verdict, any rational trier of fact could have found beyond a reasonable doubt that the devices used to produce the images traveled in interstate or foreign commerce.   *See United States v. Vargas-Ocampo*, 747 F.3d 299, 301 (5th Cir. 2014) (en banc); *United States v. Holmes*, 406 F.3d 337, 351 (5th Cir. 2005).

Also, Orton challenges the district court's use of the pattern jury instruction defining "affecting commerce" on the grounds that the instruction was unnecessary, was not supported by the facts of the case, and lowered the burden of proof on the jurisdictional nexus element.   However, he has not shown that the district court abused its discretion by following the legally correct pattern instructions and informing the jury of the elements of the jurisdictional nexus required by statute and alleged in the superseding indictment.   *See* 18 U.S.C. § 2251(a); *United States v. Brannan*, 98 F.4th 636, 638-39 (5th Cir. 2024), *cert. denied*, 145 S. Ct. 2736 (2025); *United States v. Buck*, 847 F.3d 267, 275 (5th Cir. 2017).   In any event, after a thorough review of the record, we conclude beyond a reasonable doubt that this instruction did not affect the outcome of the case.   *See United States v. Cessa*, 785 F.3d 165, 185 (5th Cir. 2015).

Finally, Orton argues that § 2251(a) is unconstitutional on its face and as applied to him.   These arguments are foreclosed.   *See United States v. King*, 979 F.3d 1075, 1084 (5th Cir. 2020); *United States v. Bailey*, 924 F.3d 1289, 1290 (5th Cir. 2019); *United States v. Dickson*, 632 F.3d 186, 192 (5th Cir. 2011).   We must follow our precedent absent en banc reconsideration or a superseding contrary Supreme Court decision. *United States v. Lipscomb*, 299 F.3d 303, 313 n.34 (5th Cir. 2002).

No. 25-10638

AFFIRMED.